DAVIS *v.* DETROIT UNITED RAILWAY.

1. DISMISSAL AND NONSUIT—TRIAL—RIGHT TO SUBMIT TO VOLUNTARY NONSUIT.

A plaintiff is entitled to submit to a voluntary nonsuit at any time before the jury retires from the box to deliberate upon their verdict.

2. SAME—NEW TRIAL—WAIVER.

After a refusal to permit the plaintiff to submit to nonsuit, and on motion for a new trial, the amendment, at plaintiff's request, of a conditional order granting the right to nonsuit, on payment of costs within a specified time, waives the objection that the plaintiff was technically entitled to a new trial.

3. STREET RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Crossing a street car track when plaintiff's view was obscured by a gust of wind and sleet, so that she could not see whether or not a car was approaching from one direction, is negligence contributing to an injury caused by a car coming from that direction.

Error to Wayne; Donovan, J. Submitted June 7, 1910. (Docket No. 21.) Decided July 14, 1910.

Case by Roseltha J. Davis against the Detroit United Railway for personal injuries. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Philip A. McHugh* and *William Henry Gallagher,* for appellant.

*Corliss, Leete & Joslyn,* for appellee.

BLAIR, J. This is an action on the case brought to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligent operation of defendant's street car at a street crossing. After the

court had announced his opinion, at the close of the proofs, that plaintiff could not recover, and had begun to instruct the jury to that effect, plaintiff asked leave to submit to a nonsuit. This request was refused and a verdict directed. Afterwards counsel for plaintiff made a motion for a new trial, on the grounds that the court erred in refusing to grant a nonsuit and in directing a verdict. Upon the argument of the motion, defendant's counsel asked that the verdict be set aside and the motion for a nonsuit granted. Plaintiff's counsel objected to such order being entered. Thereupon the following action was taken:

"*The Court:* You may take this down. In order to grant a new trial this court would have to set aside the verdict in view of the doubt raised by the two cases cited. An order will be entered setting aside the verdict and entering a verdict of nonsuit, provided the costs are paid within 10 days; otherwise the same verdict will stand.

"And thereafter counsel for plaintiff appeared and asked that the order be amended so as to provide that the costs be paid within 30 days, which amendment was granted, and subsequently on the 3d day of November, the following order was entered:   *   *   *

"Upon hearing of the motion for a new trial on the part of the plaintiff in this cause, and upon consideration thereof and argument of counsel thereon, it is ordered that the said motion for new trial be denied, provided, however, that the said plaintiff shall have the right upon payment within 10 days from this date of the taxed costs of the defendant herein to enter judgment of nonsuit in this court; and

" It is further ordered that upon default of the payment of said taxed costs within the time mentioned, and upon failure to enter judgment of nonsuit as above provided, there shall thereupon be entered judgment upon verdict of the jury heretofore rendered in favor of the defendant of no cause of action."

The plaintiff was entitled to submit to a nonsuit at any time before the jury had gone from the jury box to deliberate upon their verdict. Cir. Ct. Rules 27 *a*, 24 *d*; *Deneen* v. *Railway Co.*, 150 Mich. 235 (113 N. W. 1126). However, the court having granted the right to a

nonsuit, even if plaintiff was technically entitled to an order granting a new trial, she waived her right to object to the order by procuring its amendment extending the time for 30 days.

We are satisfied that plaintiff was not entitled to recover upon this record, and that the court properly directed a verdict, so far as the evidence was concerned. The accident happened in daylight on a stormy day with snow, sleet, and rain at intervals. Plaintiff was holding her umbrella close to her to protect herself from the sleet and towards the west. As plaintiff, going north on Farrar street, stepped off the curb onto Gratiot avenue, a car passed going east.

"When she stopped within a few feet of the track, she looked out from behind her umbrella westward to see if another car were coming. The sleet struck her in the eyes, interfering with her sight; but she thought she could see well enough to make sure there was no car coming. Observing none, and hearing no warning from any, she started on to cross the first pair of tracks, turning to look eastward for a west-bound car that might be coming upon the second pair of tracks. She had taken more than two steps, and was just upon the first track, when she saw the fender of an east-bound car in front of her. She tried to dodge back, but before she could do so was struck by the corner of the vestibule and thrown to the pavement."

Plaintiff testified:

"*Q.* Now, after you looked and had the sleet in your eyes, you advanced a step and was struck by the car?

"*A.* No, sir; I had looked a ways before I got to the track, and then started to go across, or I started on, I could not see, I did not see no car, I started on.

"*Q.* The reason you could not see was because you had this sudden gust and sleet?

"*A.* Yes, sir.

"*Q.* That is the reason you could not see?

"*A.* Yes, sir. * * *

"*Q.* You gave up a car coming from the west when you were farther back?

"*A.* I was looking; I could not see towards the west.

"*Q.* You could not see because your eyes were blinded ?

"*A.* Yes, sir.

"*Q.* Farther back ?

"*A.* Yes, sir.

"*Q.* You could not see because your eyes were blinded ?

"*A.* Yes, sir.   I started on.   I had given up the other car."

If plaintiff could not see because of the sudden gust blowing the sleet in her eyes, she should have awaited the cessation of the gust, and it was negligence on her part to proceed to cross, relying upon such a view.

The judgment is affirmed.

BIRD, C. J., and MCALVAY, BROOKE, and STONE, JJ., concurred.