HOWCROFT *v.* DETROIT UNITED RAILWAY.

1. TRIAL—ABSENCE OF WITNESS—WITHDRAWAL OF JUROR — CON-
   TINUANCE.
      It is not an improper exercise of discretion for the trial court to
      refuse plaintiff permission to withdraw a juror, on the ground
      alleged by plaintiff's attorney, of the absence of a witness,
      for which no sufficient excuse is offered.

2. MASTER AND SERVANT—PERSONAL INJURIES—FELLOW-SERVANT.
      The negligence of a motorman employed by defendant, in
      starting a car while plaintiff was in the act of boarding it,
      after his return from noon recess, for the purpose of riding
      across a street and upon a Y where plaintiff intended to as-
      sume charge of the car, in the course of his employment by
      defendant, was the negligence of a fellow-servant.

Error to Wayne; Donovan, J. Submitted October 28,
1910. (Docket No. 155.) Decided December 7, 1910.

Case by George Howcroft against the Detroit United
Railway for personal injuries. A judgment for defend-
ant on a verdict directed by the court is reviewed by plain-
tiff on writ of error. Affirmed.

*Thomas Hislop,* for plaintiff.

*Corliss, Leete & Joslyn,* for defendant.

Plaintiff, injured December 19, 1905, while attempting
to board one of defendant's cars, alleges in his declara-
tion, in substance and effect, that he attempted to board
one of said cars standing at the intersection of Mt. Elliott
avenue and Waterloo street at the northerly switch, to
ride in a southerly direction on Mt. Elliott avenue; that
the conductor carelessly signaled for the motorman to
start the car as plaintiff was entering it, and the motor-
man suddenly started the car, turning on the full current
of electricity, throwing the plaintiff against the front part

of the car, dragging him from the north to and beyond
the south switch on Mt. Elliott avenue, and seriously in-
juring him. It is alleged that in attempting to board the
car plaintiff was in view of both conductor and motor-
man; that the motorman was, and was known to defend-
ant to be, incompetent to act as motorman on any car.
The duty alleged is to employ careful and competent con-

ductors and motormen, and to operate cars with due care
for the safety of passengers and others entering and
alighting therefrom, not to start them when any one was
entering or alighting therefrom. The defendant pleaded
the general issue. The cause came on for trial March 14,
1910, before the court and a jury, and resulted in a ver-

163 MICH.—39.

dict for defendant, directed by the court. Judgment was entered on the verdict.

Plaintiff was the only witness sworn, and his testimony, which should be considered with reference to the map or plat here shown, tends to prove the following: At the time he was injured, he was employed by defendant as a motorman, and had been so employed from some time in 1901. He lived on Hunt street, shown in the plat as running west from Mt. Elliott avenue. He had operated a car during the forenoon, taking it at the Kercheval street car barns, and running out Mt. Elliott avenue, returning to Waterloo street, where cars were turned on the Y. He had gone to dinner at his home, intending to resume work at 2:55 p. m., when he would take his car back of the switch on Waterloo street. He walked down Mt. Elliott from Hunt to Waterloo at about 2:50 p. m. His car, in charge of a motorman, whom he was to relieve, and of a conductor, was standing, or came to a stand—having come from the north—on the north side of Waterloo street. Its course there was to the south arm of the Y, then on that arm, backing in on the Y on Waterloo street preparatory to running out again on the north arm of the Y to Mt. Elliott avenue, and north on that avenue. The ride which plaintiff proposed to take was across Waterloo street and on the Y to a point where he, assuming charge of the car, could run it out on the north arm of the Y. He attempted to enter the front vestibule of the car. The car was started, and, while he retained his hold upon the car, he was seriously injured.

While the plaintiff was giving his testimony, the court intimated that he thought plaintiff was not entitled to recover because he was a fellow-servant of the motorman. When the cross-examination of plaintiff was concluded, the attorney for the plaintiff asked leave to withdraw a juror, stating, in substance, that upon the subject of the incompetency of the motorman a witness was absent, and could not be brought into court. The request was refused. An argument took place concerning the effect of

the testimony of the plaintiff, with the result already stated. The court was of opinion, and stated, that the testimony of plaintiff proved that he was, upon the occasion in question, a fellow-servant of the motorman, for which reason he could not recover. Plaintiff has assigned as error that—

"(2) The court erred in refusing to permit plaintiff to withdraw a juror under the circumstances as shown in this case.

"(3) The court erred in refusing to permit plaintiff to show the incompetency of the motorman.

"(4) The court erred in refusing to permit the plaintiff to submit his case to a jury for its finding whether or not plaintiff was in this case a fellow-servant of the motorman in charge of the car, and in directing a verdict of no cause of action."

OSTRANDER, J. (*after stating the facts*). The record does not indicate that the plaintiff asked to have the case submitted to the jury. The court did not refuse to permit him to introduce testimony upon the subject of the incompetency of the motorman, because no such testimony was offered. The court did refuse permission to withdraw a juror, and we cannot say that in doing so sound discretion was not exercised. No excuse whatever was given for not having the witness present in court, except the one that counsel had not supposed the witness would be so soon wanted.

We may treat the record and the brief as presenting the question whether the court was in error in directing a verdict for the defendant upon the testimony of the plaintiff, although strictly no such question is raised by the assignment of error. It is asserted, in the brief, that plaintiff occupied the position of a stranger attempting to enter a car. We are of opinion that the testimony conclusively establishes the fact that he occupied no such position. To infer that he proposed to become a passenger to ride across Waterloo street and upon the Y, or that any one connected with the service so supposed, would be

unreasonable. To infer that he attempted to enter the car for some purpose connected with his employment is reasonable. It was not claimed that defendant had knowledge that the motorman operating the car was incompetent, if he was so in fact.

The judgment is affirmed.

BIRD, C. J., and HOOKER, MOORE, and STONE, JJ., concurred.