CLARK *v.* DETROIT UNITED RAILWAY.

STREET RAILWAYS — NEGLIGENCE — CARRIERS — ALIGHTING FROM
CAR—HIGHWAYS AND STREETS—CONTRIBUTORY NEGLIGENCE.
> A passenger who, on alighting from a west-bound car and
> crossing the first of the defendant's double tracks, looked west
> and saw no car, but stepped upon the second or east-bound
> track without again looking and was struck by a car coming
> from the west which there was nothing to prevent her from
> seeing except the car from which she alighted, was guilty of
> contributory negligence as a matter of law.[1]

Error to Wayne; Donovan, J.   Submitted January 10,
1912.   (Docket No. 35.)   Decided February 10, 1912.

Case by Sarah Clark against the Detroit United Rail-
way for personal injuries.   A judgment for defendant on
a verdict directed by the court is reviewed  by plaintiff on
writ of error.   Affirmed.

*J. Emmet Sullivan, Alex C. Bishop,* and *Thomas J.
Mahon,* for appellant.

*Corliss, Leete & Joslyn* (*A. B. Hall,* of counsel), for
appellee.

OSTRANDER, J.   Plaintiff's testimony (no other was in-
troduced) tended to prove that she alighted from a west-
bound street car at the corner of Michigan avenue and
Fifth street in the city of Detroit, passed in the rear of
the car across the street, and was struck and injured by
an east-bound car running on a parallel track.   The tracks
are separated by a space of five feet.   She alighted on the
north side of the north, or west-bound, track.   She stood
there until the car from which she had alighted had pro-
ceeded some distance—she at first testified that it was 3

---

[1] Duty to stop, look, and listen after entering on first track, see
note in 17 L. R. A. (N. S.) 505.

or 4 feet, and, later, 15 feet—when she looked to the west, was able to see down the track about 125 feet, saw no approaching car, and thereupon, without again looking for a car, proceeded to cross the street.

"*Q.* Just before you stepped on the track you did not look west?

"*A.* I looked west before I started to cross the first track.

"*Q.* But when you came to go across the south track, when you came to the south track, you were not looking west; if you had you would have seen the car, would you not?

"*A.* Certainly I would.

"*Q.* So that just before you stepped on the south track you were looking right straight ahead?

"*A.* Yes, sir.

"*Q.* And if you had looked west you would have seen the other car as the other person did?

"*A.* If they had rung the bell.

"*Q.* If you had looked west before you stepped on the track, you would have seen the car, so that you were not looking that way?

"*A.* I was not looking west.

"*Q.* If you had looked west just before you stepped on to the south track, you would have seen the car?

"*A.* Certainly I would. * * * When I got right into the second track some persons hollered, and I looked over my shoulder, and the car was on top of me, and I stepped back to save me from getting under the car."

There was nothing obstructing her view to the west except the car from which she had alighted. Assuming that defendant was negligent in the operation of the car, it is clear that plaintiff failed to exercise ordinary care for her own safety. *McCarthy* v. *Railway Co.*, 120 Mich. 400 (79 N. W. 631); *Davis* v. *Railway*, 162 Mich. 240 (127 N. W. 323). See *Manos* v. *Railway, ante,* 155 (130 N. W. 664).

The court below properly directed a verdict for defendant, and the judgment for defendant is affirmed.

MOORE, C. J., and STEERE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred. BIRD J., did not sit.