### RICHARDSON *v.* DETROIT UNITED RAILWAY.

NEGLIGENCE—STREET RAILWAYS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.

It was not, as a matter of law, contributory negligence for plaintiff to cross a street car track on which no car was approaching, where plaintiff looked, at a point 17½ feet from the track, and observed a car on the intersecting street that she knew ordinarily did not turn on the street which she was atempting to cross, but proceeded, usually, in the direction it was taking along the intersecting track: and where plaintiff did not look again, being struck by the car as it turned onto the wye.

Error to Wayne; Murphy, J. Submitted January 15, 1913. (Docket No. 109.) Decided July 9, 1913.

Case by Ruth Richardson against the Detroit United Railway for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Corliss, Leete & Joslyn (A. B. Hall,* of counsel), for appellant.

*Ernest A. O'Brien* and *Edward L. Dwight,* for appellee.

BIRD, J.   The plaintiff resided on Helen street, near Jefferson avenue, in the city of Detroit.   In the early evening of January 28, 1910, she left her home in company with her husband, daughter, sister, and a Mr. Hamburger to attend a social function.   They proceeded south on the east side of Helen street until they reached Jefferson avenue.   Just before turning west to cross Helen street, the plaintiff looked toward the east on Jefferson avenue, and observed near the middle of the block a west-bound Trumbull avenue car. Having knowledge that the Trumbull avenue cars turned north on Mt. Elliott avenue, several blocks west, they started across Helen street in single file on account of the snow and slush, the plaintiff being in the rear.   Before plaintiff could clear defendant's track on Helen street, she was struck by the car (which had, contrary to its custom, turned in on Helen street), and was seriously injured.   Upon cross-examination the plaintiff testified as follows:

"*Q.* From the time you left the sidewalk you never looked for the car?
"*A.* Why should I, I just crossed the track.
"*Q.* Just say yes or no.
"*A.* No, sir; I didn't, certainly not.
"*Q.* From the time you left the sidewalk until you got to the car track you never looked again for the car?
"*A.* Why, no.
"*Q.* And after you had passed over the track you claim to have been struck?
"*A.* Yes, sir; I certainly was."

The defendant at the close of plaintiff's case requested the trial court to direct a verdict in its behalf

because the testimony showed that the plaintiff was as a matter of law guilty of contributory negligence in failing to look again before going upon the track. This request was denied, and the questions as to her negligence and the negligence of the defendant were submitted to the jury, and she was given a verdict. The defendant now makes the same contention in this court, and assigns error on the refusal of the trial court to grant its request.

The question presented is whether plaintiff, standing on the corner of Helen and Jefferson, seeing the car approaching, with a knowledge of its custom, acted differently in attempting to cross the street than an ordinarily prudent person would have acted under like circumstances. The plaintiff had lived in that vicinity for several years, and was acquainted with the running of the cars. She knew that the Fort street cars went north on Helen street, and that the Trumbull avenue cars went north on Mt. Elliott avenue; therefore on the evening in question, when she saw that the approaching car was a Trumbull avenue car, she concluded it would do the usual thing, and not interfere with their crossing Helen street. The thought has been suggested whether her situation should not be considered the same as though she had looked and had seen no car approaching on the track she was about to cross. A reasonably prudent person is not ordinarily concerned about avoiding a car which he sees on a track which he does not intend to cross. The car in question was on Jefferson avenue. If it adhered to its custom, it would remain on Jefferson avenue. Plaintiff had no thought of crossing Jefferson avenue, they why should she give it further thought? The sudden turning in on Helen street was evidently as much of a surprise to the motorman and conductor as it was to plaintiff, as the record shows the car backed onto Jefferson after the accident, and went

along on its accustomed course. Under these circumstances, we are asked to hold that the plaintiff, who, when 17½ feet from the track she was about to cross, looked and saw no car approaching thereon, was guilty of contributory negligence as a matter of law for failing to look again before going upon the track. A situation may arise where we would feel it our duty to so hold, but we do not feel that we should do so under the circumstances presented by this record. But it is strenuously argued by defendant that this case is ruled by *Manos* v. *Railway*, 168 Mich. 155 (130 N. W. 664). In that case the plaintiff saw the car approaching on the track she was about to cross. In this case the plaintiff saw a car approaching on a track she did not intend to cross. This case is also likened unto the case of *Clark* v. *Railway*, 168 Mich. 457 (134 N. W. 463). The facts there involved were that plaintiff alighted from a west-bound car, and went around the rear of it, and attempted to cross the east-bound track without looking, when her vision was unobstructed. The facts in these cases are dissimilar.

The question of the plaintiff's negligence was, to say the least, a question about which reasonable minds might and do differ. It therefore was a question to be solved by the jury rather than by the court.

The judgment of the trial court is affirmed.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.