MINTZ *v.* SOULE.

DISMISSAL AND NONSUIT—COMMON LAW RIGHT OF NONSUIT—STATUTES—LEGISLATIVE INTENT—CONSTRUCTION.

Act No. 200, Pub. Acts 1915, 3 Comp. Laws. 1915, § 14566, providing that whenever the defendant in any civil action shall have entered upon his defense in open court, the plaintiff shall not be allowed to discontinue or submit to nonsuit without defendant's consent, construed, and *held*, to be the legislative intent that the act was not to affect the common law right of a plaintiff to submit to a nonsuit at any time before verdict is rendered in a case where no witnesses were procured, no defense made on

the facts, and only legal questions were raised, but was to apply where defendant had been to the expense and trouble of procuring witnesses, and had entered upon his defense in open court upon the merits.

Error to Wayne; Gage, J., presiding. Submitted June 22, 1917. (Docket No. 125.) Decided February 19, 1918.

Assumpsit by Samuel Mintz against Elmer F. Soule and others upon an appeal bond. Judgment of nonsuit for plaintiff. Defendants bring error. Affirmed.

*Dingeman & Schueler,* for appellants.

*William Henry Gallagher* and *Francis T. McGann,* for appellee.

FELLOWS, J. This action is brought by plaintiff on the appeal bond given in the case of *Mintz* v. *Soule,* 182 Mich. 564.

Upon the trial in the circuit court the plaintiff introduced his proofs and rested. Defendants offered no testimony, but, having rested, made a motion for a directed verdict. This motion was argued, but before it had been finally decided plaintiff asked for a continuance, which was denied; he then asked leave to submit to a nonsuit, which was likewise denied, and a verdict for defendants was directed. Thereafter plaintiff made a motion for a new trial, which was refused. He then made a motion for the vacation of the judgment and for a judgment of nonsuit, which motion was granted, and defendants bring the case here. The trial court reached this conclusion upon the theory that the defendants had not entered upon their defense in open court within the meaning of Act No. 200, Pub. Acts 1915 (3 Comp. Laws 1915, §§ 14566, 14567).

While I entertain doubt as to the correctness of the

trial court's construction of this act, my brethren are all agreed that he reached the correct result; that the statute in question was designed to prevent a plaintiff from discontinuing his suit or submitting to a nonsuit without the consent of the defendant, where the defendant, who had been to the expense and trouble of procuring witnesses, had entered upon his defense in open court by putting in his testimony upon the merits, and that the act was not intended to apply to those cases where no witnesses were procured, no defense made on the facts, and only legal questions are raised. At common law the plaintiff might submit to a nonsuit at any time before verdict. *Deneen* v. *Railway Co.*, 150 Mich. 235; *Davis* v. *Railway*, 162 Mich. 240. This practice has been sanctioned by long usage and is a protection against defeat through surprise and disappointment in proofs. This court entertains the view that it was not the legislative intent to modify this practice so long in vogue except as herein pointed out. It follows that the judgment of nonsuit is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.