### McNICHOL v. CONSUMERS' POWER CO.

(District Court, E. D. Michigan, N. D. August 17, 1921.)

1. **Dismissal and nonsuit** ⊂⇒5—**Plaintiff can take nonsuit before verdict.**

    Under Michigan practice, plaintiff has, in the absence of statute to the contrary, an absolute right to take a nonsuit at any time before verdict.

2. **Courts** ⊂⇒351½—**Plaintiff entitled to take voluntary nonsuit in federal court in Michigan.**

    In an action at law in a federal court sitting within the state of Michigan, plaintiff is entitled to the same right to take a voluntary

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

nonsuit at any time before verdict that he is entitled to under Michigan practice.

**3. Courts ⬤➡366(1)—Construction of state statute by state court followed by District Court of United States.**

The construction and application of a state statute by the court of last resort of such state will be followed and adopted by the District Court of the United States in giving effect to its terms.

**4. Dismissal and nonsuit ⬤➡6—Defendant, despite examination of plaintiff's witness, had not "entered on defense," and plaintiff could take nonsuit.**

Where, after opening statement by counsel for both parties, six witnesses were sworn in behalf of plaintiff, and examined and cross-examined by counsel for plaintiff and defendant, respectively, defendant at such stage of the trial had not "entered upon" its "defense to the action in open court," within the meaning of Compiled Laws Mich. 1915, § 14566, and plaintiff was entitled to submit to a voluntary nonsuit.

At Law. Action by Effie R. McNichol against the Consumers' Power Company. On motion for new trial. Order that plaintiff is entitled to submit to voluntary nonsuit directed.

Coumans & Gaffney, of Bay City, Mich., for plaintiff.

Bernard J. Onen, of Battle Creek, Mich., for defendant.

TUTTLE, District Judge. This is a motion for a new trial. The sole question involved is whether, under the circumstances disclosed, the plaintiff is entitled to a voluntary nonsuit.

The action is trespass on the case for damages. On the trial in open court, after opening statements by counsel for both parties, six witnesses were sworn on behalf of the plaintiff, and examined and cross-examined by counsel for plaintiff and defendant, respectively. Thereupon, without resting her case, the plaintiff moved for a voluntary nonsuit. By affidavit filed in the cause, it appears that defendant had incurred considerable expense in preparing for the trial, and had subpoenaed a number of witnesses, who were in court ready to be sworn upon said trial. No witness, however, had been actually sworn on behalf of defendant. Whether, under these circumstances, plaintiff was entitled to submit to a voluntary nonsuit, is the question presented for decision.

[1] Under the practice in force in the courts of record of the state of Michigan, plaintiff has, in the absence of a statute to the contrary, an absolute right to take a nonsuit at any time before verdict. Mintz v. Soule, 200 Mich. 9, 166 N. W. 491.

[2] A plaintiff is entitled to the same right in an action at law in a federal court sitting within the state of Michigan. Barrett v. Virginian Railway Company, 250 U. S. 473, 39 Sup. Ct. 540, 63 L. Ed. 1092. As was said by the United States Supreme Court in the case last cited, settling this question, on which there had previously been considerable conflict between the decisions of various Circuit Courts of Appeals:

"At the common law, as generally understood and applied, a nonsuit could be taken freely at any time before verdict, if not, indeed, before judgment. * * * The right is substantial. When and how it may be asserted, we think, are questions relating directly to practice and mode of proceeding within the intendment of the Conformity Act."

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The only applicable statutory provision invoked by either party or known to this court is section 1 of Act 200 of the Michigan Public Acts of 1915, being section 14566 of the Michigan Compiled Laws of 1915, providing as follows:

"In any civil action hereafter commenced in this state, whenever the defendant shall have entered upon his defense to the action in open court, the plaintiff shall not be allowed to discontinue his suit or submit to a non-suit without the consent of the defendant."

[3] Under familiar principles, the construction and application of this state statute by the court of last resort of such state will be followed and adopted by this court in giving effect to its terms. The only decision of the Michigan Supreme Court relating to this statute appears to be that in the case of Mintz v. Soule, supra. On the trial in that case the plaintiff produced and examined one witness, and, there being no cross-examination, rested. Defendants offered no testimony, but, after resting, moved for a directed verdict. After an argument, but before a decision, upon this motion, plaintiff requested leave to submit to a nonsuit, which was allowed by the trial court, on the ground that defendants had not entered upon their defense in open court, within the meaning of the statute just referred to. In affirming the judgment, the Michigan Supreme Court said:

"The statute in question was designed to prevent a plaintiff from discontinuing his suit or submitting to a nonsuit without the consent of the defendant, where the defendant, who had been to the expense and trouble of procuring witnesses, had entered upon his defense in open court by putting in his testimony upon the merits, and * * * the act was not intended to apply to those cases where no witnesses were procured, no defense made on the facts, and only legal questions are raised. At common law the plaintiff might submit to a nonsuit at any time before verdict. Deneen v. Railway Co., 150 Mich. 235; Davis v. Railway, 162 Mich. 240. This practice has been sanctioned by long usage and is a protection against defeat through surprise and disappointment in proofs. This court entertains the view that it was not the legislative intent to modify this practice, so long in vogue, except as herein pointed out."

It is true that the defendant in the instant case had incurred "the expense and trouble of procuring witnesses," but that this is not the proper test by which to judge the applicability of this statute is made clear by a consideration of the fact that the preparation of a defense based upon questions of law is quite as likely to entail such expense and trouble. The ultimate question presented is, of course, whether defendant had entered upon its defense in open court.

It will be observed that the state Supreme Court, in the language just quoted from its opinion in the case last cited, refers to such defense as consisting of "putting in his testimony upon the merits," and the court distinctly expresses its opinion that this statute was not intended to be applicable, "except as herein pointed out."

[4] While the question is not free from doubt, after careful consideration thereof, in the light of this expression of the views of the Michigan Supreme Court upon the subject, I reach the conclusion that it must be held that defendant had not "entered upon" its "defense to

the action in open court," within the meaning of this statute, and that therefore plaintiff is entitled to submit to the voluntary nonsuit sought.

An order will be entered accordingly, with costs of the suit and of the trial to be taxed in favor of the defendant against the plaintiff.

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes