MacDEARMID *v.* DETROIT UNITED RAILWAY.

1. STREET RAILWAYS—NEGLIGENCE—LIGHTS—SIGNALS.

In an action for personal injuries received by plaintiff by being struck by defendant's east-bound work car, when he attempted to cross the street after waiting for a west-bound car to pass, evidence that the street was dark, that there were no lights upon the work car, and that no gong was sounded, *held*, to present a question of fact for the jury as to defendant's negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where there was another moving street car in close proximity, it cannot be said, as a matter of law, that plaintiff's failure to hear the unlighted work car which struck him was contributory negligence.

3. NEW TRIAL—GREAT WEIGHT OF EVIDENCE.

In view of the evidence, the trial court properly denied a motion for new trial on the ground that the verdict was against the great weight of the evidence.

4. APPEAL AND ERROR—STIPULATIONS—RENDITION OF VERDICT IN ABSENCE OF JUDGE.

Where the case went to the jury late in the day, and counsel stipulated that the verdict be received by the clerk in the absence of the judge, and late in the evening the jury requested further instruction, but, the judge not being found, a verdict for plaintiff was later returned without such further instruction, the case will not be reversed therefor, in the absence of an affirmative showing that defendant was prejudiced thereby.

5. SAME.

Where counsel consent to the absence of the judge, and to the clerk's receiving the verdict during such absence, they must accept the consequences.

Error to Wayne; Des Voignes (L. Burget), J., presiding. Submitted October 12, 1921. (Docket No. 115.) Decided December 21, 1921.

Case by John D. MacDearmid against the Detroit United Railway for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Corliss, Leete & Moody* (*A. B. Hall,* of counsel), for appellant.

*Moore & Smith,* for appellee.

CLARK, J. Plaintiff in the night attempted to cross from the north to the south side of Fort street in Detroit. There the street car tracks of defendant were double. When within 3 or 4 feet of the north tracks plaintiff stopped, as he claims, while a west-bound car passed. He then observed an east-bound passenger car on the south track about 1½ blocks to the west. After the west-bound car had passed rapidly, plaintiff started across the tracks. He said the car had passed him about 20 feet when he started. Before reaching the south tracks he looked again for the east-bound passenger car, and saw it, as he claims, about one block distant. He continued his journey and was struck and injured by a work car which was running ahead of the east-bound passenger car. Plaintiff claims that his senses were good, that he, though attentive and watchful, did not see or hear the work car, that there were no lights upon it, that it was dark, that the street lamps near the place of the accident were not lighted, that he saw no street lights on the railroad bridge near there except one small light, and that no gong or other warning was sounded on the work car. In the main his testimony was corroborated by his witnesses and flatly contradicted by the witnesses for defendant. His claims as to the absence of street lights found some support in the testimony for defendant. The motorman of the work car said it was "pretty dark down through that neighborhood" and that he could not tell whether the city

lights were burning or not, and the following by one of the crew of the work car:

"At that time there were no lights on the bridge crossing the railroad and Fort street. Whether there was a street lamp from there to Tenth street, I couldn't say; but that was always a dark place."

The foreman of the trouble department of the public lighting commission of the city testified from his records that the lights on Fort street that night were turned on at 7:05 and turned off at 5:40 a. m., within which time the accident happened. He also said that such department had five patrolmen on the streets of the city, that:

"If they see a light out they start it. They repair it and see it is burning properly."

—and that there was no report of any lights being out that night, and he said:

"Q. It is a frequent occurrence, lights being out?
"A. Yes. It is not unusual at all."

The work car was said to be large and noisy, and having upon its deck iron bars and other materials.

Defendant's motion for a directed verdict, that there was no evidence of negligence on its part and that plaintiff was guilty of contributory negligence as a matter of law, was denied. The case went to the jury late in the day. That the trial judge might be absent during the evening, counsel stipulated that the verdict be received by the clerk in the absence of the judge. Late in the evening the jury requested further instruction. The judge was not found. About midnight, without such further instruction, the jury brought in its verdict for plaintiff, upon which judgment was entered. Defendant's motion for a new trial on the ground that the verdict was against the great weight of the evidence, and that it was error

to receive the verdict in the absence of the judge and without the requested instruction, was denied.

Defendant's assignments of error, as discussed in the brief, relate to:

1. Refusal to direct a verdict.    The evidence on plaintiff's behalf of the operating the work car without lights and in the manner claimed made the question of defendant's negligence clearly one for the jury. Plaintiff's failure to hear the work car approaching cannot be said by the court to be contributory negligence.    Under the facts, as claimed by plaintiff, among them the proximity of another moving street car, this question was for the jury.    And it is urged that plaintiff must be held guilty of contributory negligence as a matter of law because of the holding in *Clark* v. *Railway*, 168 Mich. 457, and in *Cardinal* v. *Railway Co.*, 165 Mich. 155.    From the instant case, upon the facts, those cases are clearly distinguishable and are not controlling.

2. Denial of the motion for a new trial.    The court was right in declining to hold that the verdict was contrary to the great weight of the evidence above reviewed.    It does not affirmatively appear that defendant was prejudiced by the rendering of the verdict in the absence of the trial judge and without the further instruction requested.    Therefore the incident cannot be said to constitute reversible error.    If counsel consent to the absence of the trial judge and to the clerk's receiving the verdict during such absence, they must accept the consequences.    The charge as a whole fairly submitted the issues to the jury.    We find no reversible error.

Judgment affirmed.

Steere, C. J., and Wiest, Stone, Bird, and Sharpe, JJ., concurred.    Moore and Fellows, JJ., did not sit.