### CONSUMERS' POWER CO. v. McNICHOL.

(Circuit Court of Appeals, Sixth Circuit. March 6, 1923.)

No. 3749.

1. **Dismissal and nonsuit** ☜5—**At common law plaintiff could take nonsuit any time before submission.**

   At the common law, as generally construed and as construed in Michigan, plaintiff was entitled as of right to take a nonsuit at any time before the jury retired to consider its verdict.

2. **Courts** ☜351½—**Michigan statute regulating right of plaintiff to take nonsuit is binding on federal courts in that state.**

   Comp. Laws Mich. 1915, § 14566, governing plaintiff's right to submit to a voluntary nonsuit without defendant's consent, is binding on the federal courts sitting in Michigan, under the Conformity Act, Rev. St. § 914 (U. S. Comp. St. § 1537).

3. **Dismissal and nonsuit** ☜6—**Michigan statute does not prevent voluntary nonsuit during taking of plaintiff's testimony.**

   Comp. Laws Mich. 1915, § 14566, providing that whenever defendant shall have entered upon his defense in open court, the plaintiff shall not be allowed to discontinue or submit to a nonsuit without the consent of the defendant, does not deprive plaintiff of her right to take a voluntary nonsuit before she announced her testimony was concluded, even though defendant had procured the attendance of its witnesses and had made its opening statement to the jury on the merits before plaintiff introduced any testimony.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Action at law by Effie R. McNichol against the Consumers' Power Company. The District Court permitted plaintiff to submit to a voluntary nonsuit against defendant's objection (274 Fed. 478), and defendant brings error. Affirmed.

Bernard J. Onen, of Battle Creek, Mich. (Mechem, Onen & Mechem, of Battle Creek, Mich., on the brief), for plaintiff in error.

Coumans & Gaffney, of Bay City, Mich., for defendant in error.

Before KNAPPEN and DONAHUE, Circuit Judges, and PECK, District Judge.

PER CURIAM. The single question presented by this writ is whether the trial court rightly permitted plaintiff (defendant in error here) to submit to a voluntary nonsuit against defendant's objection, and before plaintiff had announced that her testimony was con-

cluded and before any witnesses had been sworn by defendant. For the trial court's opinion, see 274 Fed. 478.

[1] In our opinion, the question must be answered in the affirmative. At the common law, as generally construed, plaintiff was entitled as of right to take a nonsuit at any time before verdict, or at least before the jury retires to consider its verdict. Barrett v. Virginian Ry. Co., 250 U. S. 473, 476, 39 Sup. Ct. 540, 63 L. Ed. 1092. And such is in Michigan the settled construction of the common law. Deneen v. Railway Co., 150 Mich. 235, 113 N. W. 1126, 13 Ann. Cas. 134; Davis v. Railway Co., 162 Mich. 240, 127 N. W. 323; Mintz v. Soule, 200 Mich. 9, 11, 166 N. W. 491.

[2] Defendant contends that as applied to the facts of the instant case this right was taken away by the Michigan statute (P. A. Mich. 1915, No. 200, p. 336; C. L. Mich. 1915, § 14566), which provides that:

"In any civil action hereafter commenced in this state, whenever the defendant shall have entered upon his defense to the action in open court, the plaintiff shall not be allowed to discontinue his suit or submit to a nonsuit without the consent of the defendant."

Under the Conformity Act (R. S. § 914; U. S. Comp. Stat. § 1537), this statute is binding upon the federal courts sitting in Michigan. Barrett v. Virginian Ry. Co., supra, 250 U. S. at p. 478, 39 Sup. Ct. 540, 63 L. Ed. 1092; Knight v. Illinois Central R. R. Co. (C. C. A. 6) 180 Fed. 368, 103 C. C. A. 514.

[3] Defendant contends, however, that it had "entered upon [its] defense to the action in open court," because its counsel, at the conclusion of plaintiff's opening statement of the case, and before any evidence was introduced, stated the defense on the merits, that defendant had cross-examined plaintiff's witnesses upon the facts, and had present a large number of witnesses whose testimony it was prevented, by the nonsuit alone, from introducing.

We cannot agree with this contention. The Michigan statute according to the construction placed upon it in Mintz v. Soule, supra, "was designed to prevent a plaintiff from discontinuing his suit or submitting to a nonsuit without the consent of the defendant, where the defendant, who had been to the expense and trouble of procuring witnesses, had entered upon his defense in open court by putting in his testimony upon the merits," which was not the case here. True, it was said in Mintz v. Soule that "the act was not intended to apply to those cases where no witnesses were procured, no defense made on the facts, and only legal questions are raised." But this statement of a situation which characterized that case does not, we think, mean that the inhibition of the statute against submission to nonsuit applies to all cases where a defendant has witnesses present and is defending upon the merits. Such construction would defeat the manifest purpose of the statute, as recognized by the concluding statement in Mintz v. Soule, which we quote in the margin.[1] We find nothing

---

[1] "At common law the plaintiff might submit to a nonsuit at any time before verdict. * * * This practice has been sanctioned by long usage and is a protection against defeat through surprise and disappointment in

.in Mintz v. Soule (and we know of no other construction of the statute by the Supreme Court of Michigan) which lends support to a construction of the clause, "whenever the defendant shall have entered upon his defense to the action in open court," as embracing such action as ordinary practice permits a defendant to take while the plaintiff still has the case and before defendant is permitted to introduce any testimony, much less as extending to procuring the attendance of witnesses in mere preparation for the introduction of defense. Such construction would at least enable a defendant to make the statute inoperative, not only in the average case (due to the presence of defendant's witnesses), but in practically every case, in view of a defendant's right to state its defense before any testimony is put in and to cross-examine plaintiff's witnesses. The expense of procuring the attendance of witnesses is an item of costs, taxable, and in this case actually ordered taxed, in defendant's favor upon judgment of nonsuit.

The judgment of the District Court is affirmed.

proofs. This court entertains the view that it was not the legislative intent to modify this practice so long in vogue except as herein pointed out. It follows that the judgment of nonsuit is affirmed."