PEAR *v.* GRAHAM.

1. Courts—Rules—Plaintiff's Right to Dismissal—Constitutional Law.

Court Rule No. 38, providing that plaintiff may, after answer filed by defendant, discontinue his suit only upon filing stipulation to that effect signed by defendant, or on order of court made on special motion supported by affidavits, is within rulemaking power of Supreme Court under Constitution (article 7, § 5), and statute (3 Comp. Laws 1929, § 13540).

2. Dismissal and Nonsuit—Court Rules.
   Court Rule No. 38, restricting plaintiff's right to dismiss his suit after answer filed by defendant, is construed to cover both dismissal on plaintiff's motion and nonsuit on his application.

3. Same—Absent Witness—Court Rule—Abuse of Discretion.
   Denial of plaintiff's motion for discontinuance, on ground of absent witness, made after issue was joined, *held*, under record, not abuse of discretion (Court Rule No. 38).
   . McDonald, Potter, and Wiest, JJ., dissenting.

Appeal from St. Clair; Robertson (William), J. Submitted January 8, 1932. (Docket No. 97, Calendar No. 36,213.) Decided April 4, 1932.

Action by Walter E. Pear against Stephen A. Graham. Motions for discontinuance and nonsuit were denied. Judgment for defendant. Plaintiff appeals. Affirmed.

*Pear & Beattie*, for plaintiff.

*Walsh, Walsh & O'Sullivan*, for defendant.

North, J. Plaintiff brought this suit for damages alleging defendant did unlawfully cause one Ralph Powers to breach his contract with plaintiff to sell him certain described stock; and in a second count that defendant did unlawfully induce said Ralph Powers not to contract with plaintiff concerning the sale of said stock. Issue was joined May 20, 1930. Substantially a year later, and evidently as trial of the case was being approached, plaintiff moved that the hearing be adjourned until after May 25, 1931, upon showing that said Ralph Powers was an indispensable witness; that he was in California touring in an automobile and could not be located so his deposition could be taken; that his presence as a witness could not be secured by

plaintiff, but he, Powers, would shortly return to Michigan. From a counter showing it appears that the case was upon the October, 1930, docket and was adjourned at plaintiff's request to the January, 1931, term, and later until the April, 1931, term, each time upon the understanding that the case would be tried at the next ensuing term. While the order to that effect does not appear in the record, trial of the case was evidently continued until the October, 1931, term. Two days before hearing of the case was reached, and on October 10, 1931, plaintiff filed a motion to dismiss the case on substantially the same grounds above noted. From an uncontradicted showing in opposition to the motion, it appears that the witness Powers was in the State of Michigan from June 2 to September 7, 1931, and, during about half of that time, in the county of St. Clair, and, during the balance of the time, at the home of his mother in or near Detroit. This motion to dismiss was heard as the case was called for trial October 12, 1931. In denying the motion, the circuit judge said:

"A discontinuance, whether it be voluntary or under the order of the court, as I understand it, is not *res judicata* as to the matters contained in the declaration, and another suit might be commenced upon the same claimed state of facts. I think under the allegations contained in the declaration to the effect that this was an unlawful, wilful, and malicious interference with a contract, that is such an allegation that the defendant is entitled to have a trial either by jury or by the court to determine whether or not he is guilty of those particular acts, and I think under the circumstances that the motion for discontinuance should not be granted. While the plaintiff has his right in court, of course, yet the defendant, in this sort of a case, has an equal right to a determination of the allegations made against

him. \* \* \* Therefore the motion to discontinue will be denied."

Thereupon defendant's attorneys announced they were ready to proceed with the trial and waived the right to a jury. Plaintiff's counsel then said: "Then I will make the statement on the record the plaintiff will take a nonsuit in the case." This was denied by the court. Plaintiff took no further part in the trial of the case; but defendant produced testimony and had judgment, with costs. Plaintiff has appealed.

The controlling question for review is whether the circuit judge was in error in denying plaintiff's motion to dismiss and his subsequent request to submit to a nonsuit. We think the matter is covered and controlled by Court Rule No. 38, which, so far as applicable, provides:

"The plaintiff may, at any time, before answer filed, upon notice to the defendant or his attorney, and on the payment of costs, discontinue his suit by common order filed in the cause. Thereafter he may discontinue, on the same terms, only (1) upon filing a stipulation to that effect signed by the defendant, or (2) on the order of the court or judge made on special motion in which the grounds for such discontinuance shall be set forth and which shall be supported by affidavits."

Appellant asserts that Court Rule No. 38 is invalid "as being beyond the rule-making power of this court." We think this position is not tenable. The Constitution (article 7, §5) vests the Supreme Court of this State with rule-making power. 3 Comp. Laws 1929, § 13540, provides:

"The justices of the Supreme Court shall have power, and it shall be their duty, by general rules to establish, and from time to time thereafter to modify and amend, the practice in such court, and

in all other courts of record, in the cases not provided for by any statute.''

The pertinent statutory provision prior to the adoption of Court Rule No. 38 was 3 Comp. Laws 1929, § 14335, which reads:

''That in any civil action hereafter commenced in this State, whenever the defendant shall have entered upon his defense to the action in open court, the plaintiff shall not be allowed to discontinue his suit or submit to a nonsuit without the consent of the defendant.''

It will be noted that this statutory provision, which covers both discontinuance and nonsuit, does not apply or in any way affect the practice prior to the time when ''the defendant shall have entered upon his defense.'' By Court Rule No. 38 plaintiff's power to dismiss his case as a matter of right is further restricted, but this additional restriction in no way contravenes the provisions of the statute.

The purpose of the rule is indicated in a note appended thereto:

''After the plaintiff has put the defendant to the trouble of preparing and filing his defense, he should ordinarily be required to go through to judgment unless the defendant consents to a dismissal.''

The rule will not accomplish its obvious purpose unless it is broad enough to prevent discontinuance by nonsuit as well as by motion to discontinue. Discontinuance by nonsuit works the same injustice to the defendant as would the granting of plaintiff's motion to discontinue. For the purpose under consideration there is no difference between taking a nonsuit and discontinuance by motion.

''A dismissal in effect is equivalent to a nonsuit, and, in practice, also imports the same thing as a

discontinuance, namely, that the cause is sent out of court." 18 C. J. p. 1145.

"As a rule a nonsuit is not a final disposition of the cause on the merits and does not bar another suit upon the same cause of action." 18 C. J. p. 1147.

The rule was clearly intended to cover both a dismissal on plaintiff's motion and nonsuit on his application; and should be so construed. The reason for the rulings made by the circuit judge is quoted above; and notwithstanding appellant's contention to the contrary, such rulings under this record cannot be held to have been an abuse of discretion. The court, in its discretion, may refuse to withdraw a juror because of an absent witness. 1 Abbott's Cyc. Michigan Practice (2d Ed.), p. 502, citing *Howcroft* v. *Railway,* 163 Mich. 608. The right to dismiss or submit to a nonsuit is not an absolute right. *Frear* v. *Lewis,* 201 App. Div. 660 (195 N. Y. Supp. 3); *Beaver* v. *Slane,* 271 Pa. 317 (114 Atl. 509); *Obermeier* v. *Milwaukee E. R. & L. Co.,* 177 Wis. 490 (188 N. W. 603); *Rohr* v. *Railroad,* 179 Wis. 106 (190 N. W. 827); *Lando* v. *Railway Co.,* 81 Minn. 279 (83 N. W. 1089).

"It is considered that the granting or the refusal of leave to dismiss, to discontinue, or to take a nonsuit is a matter of practice resting in the discretion of the court, which discretion is to be exercised with reference to the rights of both the parties." 14 Cyc. p. 396, and 18 C. J. p. 1150, citing many cases.

The judgment is affirmed, with costs to appellee.

CLARK, C. J., and SHARPE, FEAD, and BUTZEL, JJ., concurred with NORTH, J.

Wiest, J. (*dissenting*). I cannot concur in the opinion of Mr. Justice North, and, under the mandate of the Constitution, article 7, § 7, I state my reasons.

The right to submit to a nonsuit or to discontinue an action at any time before submission, where no relief is asked by a defendant, is substantial, comes by constitutional retention of common law, and remains until changed by statute.

As stated in *Ex parte Skinner & Eddy Corp.*, 265 U. S. 86, 92, 93 (44 Sup. Ct. 446):

"At common law a plaintiff has an absolute right to discontinue or dismiss his suit at any stage of the proceedings prior to verdict or judgment, and this right has been declared to be substantial. *Barrett* v. *Railway Co.*, 250 U. S. 473 (39 Sup. Ct. 540); *Confiscation Cases*, 7 Wall. (75 U. S.) 454, 457; *Veazie* v. *Wadleigh*, 11 Pet. (36 U. S.) 55; *United States, ex rel. Coffman*, v. *Railway Co.*, 55 C. C. A. 320 (118 Fed. 554)."

The Constitution of this State provides:

"The common law and the statute laws now in force, not repugnant to this Constitution, shall remain in force until they expire by their own limitations, or are altered or repealed." Schedule, § 1.

Statutes in this State have altered the common-law right as follows:

"In any action hereafter commenced in this State when the defendant has given notice of a set-off or recoupment, the plaintiff shall not be allowed to discontinue his suit or submit to a nonsuit without the consent of the defendant." 3 Comp. Laws 1929, § 14139.

Also:

"That in any civil action hereafter commenced in this State, whenever the defendant shall have en-

tered upon his defense to the action in open court, the plaintiff shall not be allowed to discontinue his suit or submit to a nonsuit without the consent of the defendant." 3 Comp. Laws 1929, § 14355.

By such enactments the legislature has clearly recognized the common-law right except in certain instances. This court, by former Circuit Court Rule No. 43, recognized the common-law right except as modified by statute.

It has been repeatedly held that the mere burden, expense, and annoyance to the defendant of another suit in the same controversy is not, standing alone, sufficient ground for denying plaintiff's application to dismiss or submit to a voluntary nonsuit. This is so in equity cases.

"It is very clear from an examination of the authorities, English and American, that the right of a complainant to dismiss his bill without prejudice, on payment of costs, was of course except in certain cases. *Chicago & A. R. Co.* v. *Union Rolling Mill Co.,* 109 U. S. 702 (3 Sup. Ct. 594). The exception was where a dismissal of the bill would prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind." *Ex parte Skinner & Eddy Corp., supra.*

This court said the same thing in *Leach* v. *Dolese,* 186 Mich. 695, 698 (Ann. Cas. 1917A, 1182).

"After a plaintiff has suffered a nonsuit or has dismissed his cause of action, there being no counterclaim, the court is without further jurisdiction and has no right to render any judgment in his favor nor any judgment against him. The parties are out of court for every purpose other than to carry the order into effect, or to vacate or modify the same." 9 R. C. L. p. 209.

In submitting to a nonsuit, plaintiff exercised a substantial right existing by virtue of law, preserved by the Constitution, and Court Rule No. 38, effective January 1, 1931, abrogating such right, is judicial legislation and void.

There should be reversal.

POTTER and McDONALD, JJ., concurred with WIEST, J.