## DANZIGER *v.* VILLAGE OF BINGHAM FARMS.

1. Dismissal and Nonsuit — Common Law — Statutes — Court
   Rules.
   The common-law right to submit to a nonsuit at any time before
   verdict exists except as modified by statute or court rule (Court
   Rule No 38, § 1 [1945]).

2. Same—Motions—Affidavits—Court Rules.
   The court-rule requirement that motion for discontinuance be
   written and supported by affidavit, in the absence of stipulation,
   applies to a voluntary nonsuit as well as a discontinuance
   (Court Rule No 38, § 1 [1945]).

---

References for Points in Headnotes

[1] 17 Am Jur, Dismissal, Discontinuance, and Nonsuit §§ 21, 26.
[2] 17 Am Jur, Dismissal, Discontinuance, and Nonsuit §§ 52, 53.

3. APPEAL AND ERROR—MOTION FOR DECREE—NONSUIT—COURT RULES. Review of defendant's motion for decree on its motion at the conclusion of plaintiffs' proofs is denied, where order granting plaintiffs' oral motion for nonsuit is reversed for noncompliance with court rule and case is remanded for further proceedings (Court Rule No 38, § 1 [1945]).

Appeal from Oakland; Beer (William John), J. Submitted October 14, 1960. (Docket No. 87, Calendar No. 48,845). Decided March 1, 1961.

Bill by Frederick S. Danziger and others against the Village of Bingham Farms, a municipal corporation, to declare zoning ordinance void as to their properties and to enjoin enforcement thereof. Case dismissed without prejudice on plaintiffs' motion after partial hearing. Defendant appeals claiming right to decree on merits. Reversed and remanded for further proceedings.

*Dell & Shantz* (*Harry N. Dell,* of counsel), for plaintiffs.

*Howlett, Hartman & Beier* (*William B. Hartman,* of counsel), for defendant.

SOURIS, J. In the court below plaintiffs attacked the residential zoning restrictions imposed upon their property by the defendant village. Near the end of the first day of testimony, plaintiffs' trial counsel indicated he had 1 more witness for the next day in the following manner:

"We are, in a sense of speaking, at a point where we can't proceed further. We have 1 more witness, but that witness is not here and there is a probability that he will be here tomorrow. But the hour is late and I know that we are here ready to proceed, and if we can't proceed, then the defendant should have [its] opportunity.

"This other witness would be somewhat of a corroborating witness in any event."

The trial judge thereupon recessed for the day and at commencement of court on the following day plaintiffs' counsel stated that the expected witness was not present and, "as a matter of fact, it is rather doubtful that he will be here. If he will be here at all it will be at 1:30." In answer to a question from the trial judge, plaintiffs' counsel said he did not know whether the absent witness' testimony would be cumulative merely or something more. It appears from the record that the witness was an expert in the field of planning, and his testimony was to be confined to his opinion of what would be proper planning for the area in which plaintiffs' lands were located. Defendant's counsel stated that he proposed to introduce evidence on the same subject which would make plaintiffs' witness' testimony proper on rebuttal. He also stated, however, that he intended to make a motion as soon as plaintiffs rested. With the understanding that defendant intended to offer proofs which would make his absent witness' testimony proper for rebuttal, but also knowing that defendant intended to make a motion as soon as plaintiffs rested, plaintiffs' counsel announced that they rested. Defendant thereupon moved for a decree on the plaintiffs' proofs without entering upon its own defense.

Following a protracted colloquy between the court and counsel thereon in which the trial judge indicated his intention to grant the motion, plaintiffs' counsel requested a nonsuit. In doing so, he referred to Court Rule No 38 (1945), section 1 of which, in pertinent part, is printed in the margin.* With-

---

*"The plaintiff may at any time, before answer filed, and on the payment of costs, discontinue his suit by notice of discontinuance filed in the cause and giving notice thereof to the defendant or his attorney. Thereafter he may discontinue, on the same terms, only

out ruling on defendant's motion for decree, the court granted plaintiffs a discontinuance, but conditioned upon payment by them to defendant of costs in the sum of $1,500. Defendant has appealed from the order of discontinuance entered on the grounds that plaintiffs' motion was not made in writing and was not supported by affidavit.

Neither counsel nor the trial court distinguished between plaintiffs' requested nonsuit and the court's granted discontinuance. The result in either case is a voluntary dismissal of suit, but nonsuit is a right the origins of which are found in our common law. As was said by this Court in *Mintz* v. *Soule,* 200 Mich 9, 11:

"At common law the plaintiff might submit to a nonsuit at any time before verdict. *Deneen* v. *Houghton County Street R. Co.* 150 Mich 235 (13 Ann Cas 134); *Davis* v. *Detroit United Railway,* 162 Mich 240. This practice has been sanctioned by long usage and is a protection against defeat through surprise and disappointment in proofs."

This common-law right is said to still exist except as modified by statute or court rule. *Slowke* v. *Altermatt,* 293 Mich 360, 363. In *Pear* v. *Graham,* 258 Mich 161, decided at a time when Court Rule No 38 (1931) was substantially the same as the present rule, this Court said (pp 165, 166):

"The purpose of the rule is indicated in a note appended thereto:

" 'After the plaintiff has put the defendant to the trouble of preparing and filing his defense, he should ordinarily be required to go through to

---

(1) upon filing a stipulation to that effect signed by the defendant, or his attorney, or (2) on the order of the court or judge made on special motion in which the grounds for such discontinuance shall be set forth and which shall be supported by affidavit."

judgment unless the defendant consents to a dismissal.'*

"The rule will not accomplish its obvious purpose unless it is broad enough to prevent discontinuance by nonsuit as well as by motion to discontinue. Discontinuance by nonsuit works the same injustice to the defendant as would the granting of plaintiff's motion to discontinue. For the purpose under consideration there is no difference between taking a nonsuit and discontinuance by motion. * * *

"The rule was clearly intended to cover both a dismissal on plaintiff's motion and nonsuit on his application; and should be so construed."

See, also, *Reed* v. *Burton Abstract & Title Co.,* 344 Mich 375, pp 382–384.

*Pear* v. *Graham, supra,* involved the trial court's right to refuse plaintiff a nonsuit under circumstances where, and at a time in the litigation when, the court would have the right to deny a motion for discontinuance. It was there decided that Court Rule No 38, although written in terms of discontinuance, limited the common-law right to a nonsuit as well and gave to the trial court discretionary power to refuse a nonsuit after answer is filed, in the absence of a stipulation therefor.

We now decide that the requirement for written motion supported by affidavit, in the absence of stipulation, likewise applies to voluntary nonsuit as it does to discontinuance. Any other conclusion would thwart the purpose of the rule as discussed in *Pear* v. *Graham, supra.* Voluntary dismissal by whatever technical means used, discontinuance or nonsuit, at a stage in the proceedings when defendant has prepared for trial, is prepared to proceed with his proofs and has witnesses present in the courtroom, should not be countenanced by a judiciary whose increasing dockets require that its time be

---

* Michigan Court Rules, Revision of 1931, p 74.—REPORTER.

used to better advantage than to cater to a practice sanctioned in the past as "a protection against defeat through surprise and disappointment in proofs." See *Mintz* v. *Soule, supra.* Modern discovery procedures before trial, skillfully used, will afford ample protection against that. To permit voluntary dismissals to be taken by nonsuit on oral motion, as was sought here, while requiring such dismissals by discontinuance to be taken by motion in writing, would defeat the purpose of the rule. We hold that the rule's requirement of a written motion applies equally to nonsuits as it does to discontinuances. The trial court should have denied plaintiffs' request for nonsuit in the absence of written motion therefor timely made.

Defendant suggests that it was entitled to a decree on its motion at the conclusion of plaintiffs' proofs. The suggestion takes 22 lines of its brief on appeal, 12 of which are used for 2 citations and 1 quotation from a recent opinion of this Court. Such brevity is to be encouraged whenever it suffices to illuminate the issues, legal and factual, which require this Court's decision, but reliance on brevity was in this appeal misplaced. Under these circumstances, we deem it not inappropriate to deny defendant the review it requests.

The order of discontinuance is reversed and the case remanded for further proceedings not inconsistent herewith. Defendant may have its costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.