### COMPUTING SCALE CO. v. TRIPP.

1. JUSTICES OF THE PEACE—CERTIORARI—AFFIDAVIT FOR WRIT—EVIDENCE—RETURN—CONTRADICTION.

A justice's return to a writ of certiorari to review a judgment recited that certain documents not contained in the affidavit for the writ were introduced before him; that no stenographer was present during the trial; that the justice did not write down all of the testimony, and was unable to state all that was given; and that, after considering the evidence, he rendered judgment for plaintiff, etc. *Held*, that, though such return did not in words contradict the affidavit for the writ, stating that it contained substantially all the testimony taken before the justice, it did show that material evidence was introduced before the justice which was not set out in the affidavit, and therefore an affirmance of the justice's judgment was proper.

2. SAME—REVIEW—REMEDY—APPEAL.

Appeal, rather than certiorari, is the more appropriate remedy to review errors committed in justices' courts.

Error to Allegan; Padgham, J. Submitted December 7, 1904. (Docket No. 128.) Decided December 22, 1904.

Assumpsit in justice's court by the Computing Scale Company against Burrell Tripp for goods sold and delivered. Plaintiff recovered judgment, and defendant

brought certiorari to the circuit court.    There was judgment at the circuit for plaintiff, and defendant brings error.    Affirmed.

*Pope & Cross*, for appellant.

*Lewis L. Thompson*, for appellee.

MOORE, C. J.    The plaintiff sued the defendant in justice's court to recover the price of some scales sold to him. The defendant claimed the sale was a conditional one, which he had a right to cancel, and did cancel.    The case was tried before the justice of the peace, who rendered a judgment in favor of the plaintiff.    The defendant, instead of appealing the case, removed it to the circuit court by writ of certiorari.    The circuit judge was of the opinion that, as the return of the justice showed there was other evidence given on the trial besides that returned and set forth by the justice, there was no error in rendering the said judgment, and he affirmed it.    The case is brought here by writ of error.

It is the claim of the defendant that, as the affidavit for the writ stated it contained substantially all the testimony taken before the justice, and that, as the return of the justice did not contradict it, the affidavit must be taken as true; citing *Wilson* v. *Township Board of Burr Oak*, 87 Mich. 240.    The return of the justice shows that there were offered in evidence before him a bill of lading and a copy of a letter of acceptance with the order for the scales attached, and certain testimony of defendant, which was not contained in the affidavit.    He also returned:

"No stenographer was present during the trial, and not all of the testimony was written down by me, the said justice of the peace.    And I am unable to state all of the testimony that was given.    That, after carefully considering the evidence, I rendered a judgment in favor of plaintiff.    *    *    *    That, if the conditions written on the back of the contract could be construed to defeat the plain terms

of the contract, still the contract was in force, the plaintiff nor its agent not having signed the conditions or agreement on back of contract; and I was not satisfied that the defendant put himself in a position to countermand his order."

It is true the return does not, in so many words, contradict the affidavit, but it does show that material evidence was introduced before the justice, which was not set out in the affidavit, and it is also a fair inference that other evidence was offered, which he could not return for the reason stated by him. We are not inclined to extend the rule stated in *Wilson* v. *Township Board of Burr Oak*, supra. It has been repeatedly held that appeal is the more appropriate remedy to review errors committed in justice's court. *Forbes Lithograph Co.* v. *Winter*, 107 Mich. 116, and the many cases therein cited. In that case one of the errors assigned was "that the docket of the justice shows that the plaintiff did not appear within one hour after the hour of return named in the summons." In disposing of this assignment, Justice MONTGOMERY, speaking for the court, said:

"An answer to the first point is that the docket entry is not returned, and the fact averred in the affidavit for certiorari is not made to appear."

We think the circuit judge made a right disposition of the case.

Judgment is affirmed.

The other Justices concurred.