BLOM *v.* McBRIDE.

1. VERDICTS AND FINDINGS—DIRECTED VERDICT.
   The right of a defendant to move for directed verdict in jury trials, except in cases of jury disagreement (3 Comp. Laws 1929, § 14535), is controlled by 3 Comp. Laws 1929, § 14307.

2. SAME—DIRECTED VERDICT—CONTINUANCES.
   Trial court, after discharging jury and ordering continuance, could not later direct a verdict for defendant, especially where it made no reservation of the question and there was a definite understanding that there would be another trial (3 Comp. Laws 1929, § 14307).

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 6, 1936. (Docket No. 11, Calendar No. 39,032.) Decided December 8, 1936. Rehearing denied March 2, 1937.

Assumpsit by Cornelius Blom against Charles McBride for sums due on a promissory note. Directed verdict and judgment for defendant: Plaintiff appeals. Reversed with new trial.

*Leo W. Hoffman,* for plaintiff.

*McDonald & McDonald,* for defendant.

Toy, J. Plaintiff brought this action on a promissory note against defendant, one of the indorsers thereon. Jury trial was had, and at the close of plaintiff's case, defendant made a motion for directed verdict upon several grounds, one of them

being that there had been a valid tender which discharged defendant as indorser.

Plaintiff raised the objection thereto that such defense was an affirmative one and had not been pleaded. Defendant thereupon moved for permission to amend its answer to plead such defense. Plaintiff objected, claiming surprise and asked for a continuance, so that he might "have an opportunity to answer" the "amended pleadings and prepare for trial."

During the argument thereon the following colloquy occurred:

"*The Court:* Now let me make this suggestion here. I have some hesitancy about permitting you to amend here as to a matter that you knew or could have known, why ever since the case was started. * * *

"*Mr. McDonald:* * * * I would like to suggest with the consent of counsel, under the circumstances that we let the jury go and then we can come down here; I think there are only a few questions of fact for a jury anyway; it is really a question of law in this case; to let the jury go and submit the case to the court, and all these questions can be disposed of in that way. It is a little expensive to have a jury around, counsel is busy and I am busy, and I could come back in a few days, any day, and we could submit it to the court and let the jury go; we can come down here almost any day and submit it to the court in a short time.

"*Mr. Hoffman:* We don't care to waive a jury. It would be rather embarrassing to the court. * * *

"We want to ask on the record for an opportunity—we want to ask to have this case continued and ask to have them put their amendments in writing, and we afforded opportunity to answer in writing,

and then the opportunity afforded to prepare for trial, to meet the new issue raised in the case.

"*The Court:*  Well we will take a few minutes recess.

(Recess.)

(Jury recalled.)

"*The Court:*  Now in your absence, members of the jury, some of the legal questions have been taken up, and some of them are of such a nature that the attorneys on both sides have decided they would ask to have the case continued and set over to some other time, so you won't ever have the pleasure, probably, of passing on this case.  Some other jury will no doubt hear this case.  You probably will never get a chance to hear it again, so you are going to be discharged from further attendance on this case."

The foregoing occurred at the trial held in November, 1934.  On December 15, 1934, defendant filed his amended answer.  On August 22, 1935, plaintiff filed his reply thereto, and a motion to amend his declaration.  This motion was set for hearing on September 3, 1935.  At that time defendant claimed that his motion for directed verdict was still pending and should be decided.  Plaintiff contended that because of the continuance no such motion was pending.  The matter was adjourned by the court until September 21st, following.

On September 6th, the circuit judge wrote counsel for both parties that defendant was entitled to have his motion for directed verdict passed upon as of the time made.

On September 21st, the motion for directed verdict was argued, over objection of plaintiff.  On January 8, 1936, the court filed its opinion granting defendant's motion for directed verdict.  Judgment

was thereafter entered thereon and plaintiff appeals.

The question first to be decided is whether the court properly had before it for decision, *after* the continuance, the motion of defendant for directed verdict made *before* such continuance.

The right of defendant to move for directed verdict in jury trials is controlled by 3 Comp. Laws 1929, § 14307. An exception is made in cases of jury disagreement by 3 Comp. Laws 1929, § 14535.

In the instant case, the jury had been discharged. The colloquy hereinbefore quoted shows an ending of the pending trial. It further shows a definite understanding that there would be another trial. This is further indicated in the opinion of the trial court granting defendant's motion, when he stated:

"The jury was discharged. The court expected a re-trial; so did plaintiff."

Under the circumstances of this case, we think the trial court, after discharging the jury and ordering a continuance, could not later direct a verdict for defendant, especially where it made no reservation of the question.

It is unnecessary to consider the other assignments of error.

The judgment is reversed and a new trial ordered, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.