SLOWKE v. ALTERMATT.

1. TRIAL—ENTRY UPON DEFENSE.

A defendant has entered upon his defense in open court by putting in his testimony upon the merits.

2. DISMISSAL AND NONSUIT—COMMON LAW—STATUTES—COURT RULES.

A plaintiff's common-law right to dismiss or submit to a voluntary nonsuit still exists except as modified by statute or court rule.

3. SAME—MOTION AT CLOSE OF PLAINTIFF'S PROOFS—STATUTES—COURT RULES.

Under existing statute and court rule plaintiff administrator was entitled to have his motion for nonsuit granted where

it was made while jury was absent after close of plaintiff's proofs and after announcement of trial court that he was going to direct verdict for defendant, notwithstanding failure of plaintiff to pay or tender payment of costs up to time of making motion where matter of costs was not brought before either the trial court or the Supreme Court (3 Comp. Laws 1929, § 14335; Court Rule No. 38 [1933], as amended).

Appeal from Macomb; Spier (James E.), J. Submitted January 11, 1940. (Docket No. 23, Calendar No. 40,883.) Decided June 3, 1940.

Case by Julius Slowke, administrator of the estate of Paul Slowke, against Robert Altermatt and another for damages for personal injuries causing death of plaintiff's decedent. Directed verdict and judgment for defendants. From judgment and order denying plaintiff's motion to set aside directed verdict and grant motion for nonsuit, plaintiff appeals. Reversed.

*Roy W. Bonam* (*Crawford S. Reilley*, of counsel), for plaintiff.

*Nunneley & Nunneley* (*Bert V. Nunneley*, of counsel), for defendants.

NORTH, J. Plaintiff's decedent, Paul Slowke, while crossing on foot Gratiot avenue in the city of Detroit was struck by an automobile owned by defendant Clarence Altermatt and driven with his knowledge and consent by his son, the defendant Robert Altermatt. Slowke was instantly killed. At the close of plaintiff's proofs and during the absence of the jury the defendants made a motion for a directed verdict. Among the reasons assigned in support of defendants' motion were the following: that plaintiff's decedent was guilty of contributory negli-

gence, and that plaintiff brought his suit solely under the survival act (3 Comp. Laws 1929, § 14040 [Stat. Ann. § 27.684]) and there was no evidence of survival. After hearing arguments by the respective counsel and directing that the jury should be returned to the court room, the trial judge in reply to an inquiry by plaintiff's counsel announced that he had decided to direct a verdict in favor of defendants. Thereupon plaintiff's counsel stated: "Under those circumstances I wish to make a motion for nonsuit in this case." Argument followed as to plaintiff's right to move for a nonsuit after the trial judge had announced his decision on defendants' motion to direct a verdict and the judge ruled as follows: "I am inclined to deny the motion (for nonsuit) with the right to reconsider it on further motion or argument." Verdict for defendants was directed and judgment entered thereon. Thereafter plaintiff moved the court to set aside the verdict and judgment and to grant plaintiff's motion for entry of an order for nonsuit. The ruling was adverse to plaintiff and he has appealed.

The sole question presented by this appeal is plaintiff's contention that the trial court committed error in denying the motion for nonsuit. In support of his contention plaintiff asserts that since his motion for nonsuit was made before the defendants had entered upon their defense on the merits and before the trial judge had actually directed a verdict for defendants, he was entitled as a matter of right to an order for nonsuit.

The pertinent rule and statutory provisions are as follows:

"Plaintiff may at any time, upon notice to the defendant or his attorney, and on payment of costs, discontinue his suit by order filed in court, except where recoupment or set-off is asserted by the defendant;

and except where a defendant shall have entered upon his defense in open court, unless with the consent of the defendant.'' Court Rule No. 38 (1933), as amended, effective January 1, 1939.

''That in any civil action hereafter commenced in this State, whenever the defendant shall have entered upon his defense to the action in open court, the plaintiff shall not be allowed to discontinue his suit or submit to a nonsuit without the consent of the defendant.'' 3 Comp. Laws 1929, § 14335 (Stat. Ann. § 27.1081).

Because there has been a material change in Court Rule No. 38 since our decision in *Pear* v. *Graham,* 258 Mich. 161, that case, which was at issue before plaintiff moved to discontinue, is not controlling. The rule as formerly worded is quoted in the opinion in the *Pear Case;* and reference to the old rule discloses that the time within which a plaintiff might discontinue his suit was limited by the phrase ''before answer filed.'' This limitation is not in the revised Court Rule No. 38 (1933). The pertinent limitation in the present rule is that plaintiff may not discontinue ''where a defendant shall have entered upon his defense in open court, unless with the consent of the defendant.'' The clear import of our former decisions is that a defendant has ''entered upon his defense in open court by putting in his testimony upon the merits.'' *Mintz* v. *Soule,* 200 Mich. 9. But this case was clearly decided upon the court's holding that after a plaintiff had introduced his proofs and rested, and the defendants before offering any testimony made a motion for a directed verdict, they did not by making such motion enter upon their defense. Both in the *Mintz Case* and in Justice Wiest's opinion in *Pear* v. *Graham, supra,* the common-law right of a plaintiff to dismiss or submit to a voluntary nonsuit is noted. The right still exists

except as modified by statute or court rule. At the time plaintiff's motion was made in the instant case his right to a nonsuit was not curtailed by any existing statutory or rule provision. It follows that plaintiff's motion for nonsuit should have been granted.

Neither in the circuit court nor in this court is any point made of plaintiff's failure to pay or tender payment of costs up to the time of making his motion, and hence it is not for consideration on this appeal.

The judgment entered in the circuit court will be vacated and an order entered therein in accordance herewith. Appellant will have costs of this appeal.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.