### SLOWKE *v.* ALTERMATT.

### SLOWKE *v.* MACOMB CIRCUIT JUDGE.

1. DISMISSAL AND NONSUIT—COURT RULES—COSTS.

   The purpose of the court rule permitting a plaintiff to discontinue his suit by order of court upon notice to, and payment of costs of, defendant is to reimburse a defendant for costs when he has been put to the expense of preparing for trial and because of nonsuit he must again be put to the expense of preparing for trial of the same case (Court Rule No. 38 [1933], as amended).

2. SAME—PAYMENT OF COSTS.

   The payment of costs is a condition to the entry of a voluntary order of nonsuit after a trial has been started (Court Rule No. 38 [1933], as amended).

3. APPEAL AND ERROR—REMAND—DISMISSAL AND NONSUIT—COSTS.

   After Supreme Court had held that trial court was in error in denying a plaintiff's motion for a nonsuit but expressly declined to consider matter of plaintiff's failure to pay or tender payment of costs, trial court on remand properly required payment of costs as a condition of entering nonsuit in compliance with pertinent court rule (Court Rule No. 38 [1933], as amended).

Appeal from Macomb; Spier (James E.), J. Submitted January 21, 1941. (Calendar No. 41,387.) Decided April 8, 1941.

Action by Julius Slowke, administrator of the estate of Paul Slowke, against Robert Altermatt and another, wherein an order of nonsuit was entered as directed by the Supreme Court, but at plaintiff's cost. On plaintiff's petition for mandamus against the circuit judge directing him to enter an order of nonsuit with costs to plaintiff. Writ denied.

*Roy W. Bonam* and *Crawford S. Reilley,* for plaintiff.

*Bert V. Nunneley,* for defendants.

SHARPE, C. J. Plaintiff filed a petition for mandamus against the circuit judge of Macomb county directing him to enter an order directing the clerk of the circuit court to enter judgment of nonsuit with costs of the motion to plaintiff.

The facts upon which this petition is based may be found in *Slowke* v. *Altermatt,* 293 Mich. 360. In that case we held that the trial judge was in error in denying plaintiff's motion for a nonsuit and said (p. 364):

"Neither in the circuit court nor in this court is any point made of plaintiff's failure to pay or tender payment of costs up to the time of making his motion, and hence it is not for consideration on this appeal."

When our opinion was filed, the lower court refused to enter an order of nonsuit with costs of this motion to plaintiff, but did enter an order of nonsuit of plaintiff herein conditioned on payment of costs of defendant to be taxed as of the date of original trial and original motion.

The sole question in this case is the right of plaintiff to have nonsuit without payment of costs. This question is governed by Court Rule No. 38 (1933) as amended, effective January 1, 1939, which reads as follows:

"Plaintiff may at any time, upon notice to the defendant or his attorney, and on payment of costs, discontinue his suit by order filed in the court, except where recoupment or set-off is asserted by the defendant; and except where a defendant shall have

entered upon his defense in open court, unless with the consent of the defendant.''

The purpose of this rule is to reimburse a defendant for costs when he has been put to expense in preparing for trial, and then, because of a nonsuit, he must again be put to the expense of preparing for trial of the same case. In our opinion the payment of costs is a condition to the entry of a voluntary order of nonsuit after a trial has been started.

At the time plaintiff made the original motion for nonsuit, defendants, under the rule above referred to, were entitled to the payment of their legitimate costs as a condition to the entry of the order. Our opinion in 293 Mich. 360 was not intended to violate, nor did it violate, the above-mentioned rule. The order for nonsuit may be entered only upon compliance with the conditions mentioned in the rule.

The writ is denied, with costs of this appeal to defendants.

Bushnell, Boyles, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.