WICKS *v.* WAYNE CIRCUIT JUDGE.

1. DISMISSAL AND NONSUIT—DIRECTED VERDICT.

After defendant's counsel had made his opening statement to jury in malpractice case, defendant was called for cross-examination under the statute and examined at length by attorneys for both parties, defendant's counsel had moved for a directed verdict and before ruling was had thereon although after indicating what his ruling would be, plaintiff's counsel stated plaintiff desired to submit to a voluntary nonsuit and tendered payment of costs, the direction of verdict for defendant in effect denied plaintiff's effort to procure a nonsuit (3 Comp. Laws 1929, §§ 14220, 14335; Court Rule No. 38, § 1 [1933, as amended 1938]).

2. NEW TRIAL—NONSUIT—DIRECTED VERDICT.

Since the trial judge upon plaintiff's motion to vacate order directing verdict for defendant and to grant plaintiff's application for nonsuit made before verdict was directed but after trial judge had indicated his intention to do so, and accompanied by tender of payment of costs, had the power to grant a new trial, he had power to grant motion to vacate the order directing verdict and correct error made in denying plaintiff a nonsuit (3 Comp. Laws 1929, § 14335; Court Rule No. 38, § 1 [1933, as amended 1938]).

3. DISMISSAL AND NONSUIT—VACATING DIRECTED VERDICT.

The granting of a motion to vacate a directed verdict and then granting voluntary nonsuit to plaintiff worked no prejudice to defendant where plaintiff had made timely application for nonsuit when he was entitled thereto as a matter of right (3 Comp. Laws 1929, § 14335; Court Rule No. 38, § 1 [1933, as amended 1938]).

4. SAME—DEFENDANT'S OPENING STATEMENT—DEVELOPMENT OF DEFENSE.

A defendant cannot preclude a plaintiff from his right to a nonsuit prior to or at the time he rests in the development of his side of the case by making defendant's opening statement at the outset of the trial and subsequently developing his defense by cross-examination of plaintiff's witnesses (3 Comp. Laws 1929, § 14335; Court Rule No. 38, § 1 [1933, as amended 1938]).

5. TRIAL—DIRECTED VERDICT.

Upon making a motion for a directed verdict, a defendant in effect takes the position that he tentatively rests on the record as made at that time.

6. DISMISSAL AND NONSUIT—DIRECTED VERDICT—TRIAL ON MERITS.

A plaintiff still has the right to submit to a nonsuit notwithstanding a defendant's motion for a directed verdict in order that plaintiff may not lose the right of a fair trial on the merits when it is pointed out in a motion for a directed verdict wherein his case is fatally defective (3 Comp. Laws 1929, § 14335; Court Rule No. 38, § 1 [1933, as amended 1938]).

7. TRIAL—DIRECTED VERDICT—STATUTE.

Since the practice as to directing a verdict is statutory, a litigant is not entitled to resort to such practice except in compliance with statutory provisions (3 Comp. Laws 1929, § 14307).

8. DISMISSAL AND NONSUIT—COMMON LAW—STATUTES—COURT RULES.

Submitting to a nonsuit, a common-law right, still exists but is subject to limitations by statute and court rule (3 Comp. Laws 1929, § 14335; Court Rule No. 38, § 1 [1933, as amended 1938]).

Mandamus by Edwin H. Wicks to compel Louis C. Cramton, Acting Wayne Circuit Judge, to vacate order granting a nonsuit and to reinstate a directed verdict and judgment for petitioner. Submitted August 26, 1941. (Calendar No. 41,583.) Writ denied October 6, 1941.

*Humphreys Springstun,* for petitioner.

*Harold N. Harris* and *Harry J. Lippman,* for respondent.

NORTH, J. Mrs. Clara Wasserman sought the professional services of Dr. Edwin H. Wicks, who specialized in oral surgery. Shortly following a surgical operation performed by Dr. Wicks on Mrs. Wasserman, she died. A suit for malpractice was thereafter instituted and a trial by jury was had

before Honorable Louis C. Cramton sitting as circuit judge in Wayne county. During the course of the trial, the plaintiff called Dr. Wicks, the defendant, for cross-examination under the statute* and cross-examined him at length. Prior to this, an opening statement had been made by defendant's attorney, and when plaintiff had completed his cross-examination, the defendant's attorney proceeded to fully examine defendant in his own behalf, and incident thereto introduced some documentary evidence.

After plaintiff had rested, defendant's attorney moved for a directed verdict, and this motion was argued at length by counsel for the respective parties in the absence of the jury. Following such argument, the trial judge directed that the jury be returned to the court room. Plaintiff's attorney thereupon asked the trial judge if he would indicate how he intended to rule upon the motion for a directed verdict. The judge then stated that he thought it would be necessary to grant the motion. This result seems to have followed from the judge's conclusion that there was no testimony of malpractice on the part of Dr. Wicks incident to the professional services rendered by him to Mrs. Wasserman. Upon being advised of the circuit judge's intention to direct a verdict in favor of defendant, plaintiff's attorney stated to the court that since the judge had indicated his intention to direct a verdict, plaintiff desired to submit to a voluntary nonsuit. Payment of costs was tendered. While the record does not disclose that the trial judge specifically denied plaintiff's motion or request that he be permitted to submit to a nonsuit, still in effect it was denied by the action of the trial judge by

---

* See 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915.).—Reporter.

proceeding to direct a verdict for defendant. The verdict of the jury was rendered accordingly and judgment entered thereon December 23, 1940. On January 11, 1941, plaintiff filed a motion to vacate the order directing a verdict, to set aside the verdict and judgment, and to grant plaintiff's application for the entry of an order of nonsuit. Upon subsequent hearing, this motion by plaintiff was granted and orders entered in accordance therewith. Leave having been granted, defendant has appealed, seeking mandamus to compel the circuit judge to vacate the order granting a nonsuit and to reinstate the verdict and judgment entered thereon.

In making the final disposition of the case the circuit judge relied upon the recent decision of this Court in *Slowke* v. *Altermatt,* 293 Mich. 360. In so doing, we think the trial judge was correct. There can be no doubt that under the circumstances of this record it was within the power of the circuit judge to have granted a new trial. But instead of granting a new trial *in toto,* he reconsidered his earlier ruling and corrected an error which he concluded he had made in the case. The character of the correction made worked no prejudice to defendant, since no disadvantage resulted to defendant by the granting of the nonsuit subsequent to the discharge of the jury rather than at the time the application for nonsuit was first made. *Frederick* v. *Mecosta Circuit Judge,* 52 Mich. 529. And at the time it was first made, plaintiff was entitled to an order of nonsuit as a matter of right under our holding in *Slowke* v. *Altermatt, supra.*

It is strenuously urged by appellant since he made his opening statement to the jury before plaintiff rested in the malpractice case, and further since defendant's attorney developed his whole defense by his examination of defendant when called as a wit-

ness by plaintiff, and since defendant's attorney subsequent to plaintiff's application for a nonsuit announced that defendant's case was fully submitted and he rested prior to the time the court directed a verdict for defendant, that it should be held defendant had "entered upon his defense in open court;" and therefore under the provisions of the court rule and statute, about to be quoted, plaintiff was not entitled to a nonsuit as a matter of right. Court Rule No. 38, § 1 (1933), as amended April 20, 1938, reads:

"Plaintiff may at any time, upon notice to the defendant or his attorney, and on payment of costs, discontinue his suit by order filed in the court, except where recoupment or set-off is asserted by the defendant; and except where a defendant shall have entered upon his defense in open court, unless with the consent of the defendant."

The pertinent statutory provision reads:

"That in any civil action hereafter commenced in this State, whenever the defendant shall have entered upon his defense to the action in open court, the plaintiff shall not be allowed to discontinue his suit or submit to a nonsuit without the consent of the defendant." 3 Comp. Laws 1929, § 14335 (Stat. Ann. § 27.1081).

We think a defendant cannot by electing to make an opening statement at the outset of a trial and by subsequently developing his defense by cross-examination of plaintiff's witnesses bar plaintiff's right to a nonsuit prior to or at the time he rests in the development of his side of the case. In short, it is difficult to conceive how it can be said a defendant has "entered upon his defense in open court," prior to the time the plaintiff has rested his case.

Further, upon making a motion for a directed verdict, a defendant in effect takes the position that

he tentatively rests on the record as made at that time. But our holding in the *Slowke Case* above cited and the holdings in earlier cases cited therein are to the effect that plaintiff still has the right to submit to a nonsuit notwithstanding a defendant's motion for a directed verdict. As a reason for such holding it may be noted that a plaintiff is granted the right of nonsuit under such circumstances in order that he may not lose the right of a fair trial on the merits when it is pointed out in a motion for a directed verdict that in some particular plaintiff's case is fatally deficient.

We are not in accord with appellant's contention that the question presented on this appeal is controlled by *Blom* v. *McBride,* 278 Mich. 703, wherein the syllabus reads:

"Trial court, after discharging jury and ordering continuance, could not later direct a verdict for defendant, especially where it made no reservation of the question and there was a definite understanding that there would be another trial."

In the instant case there was no "understanding that there would be another trial." This circumstance alone is sufficient to distinguish the cited case from the instant case. And further, as pointed out in the *Blom Case,* the practice as to directing a verdict is statutory.* A litigant is not entitled to resort to such practice except in compliance with statutory provisions. But submitting to a nonsuit was a common-law right; and, subject to limitations by statute and court rules, this common-law right still exists. *Slowke* v. *Altermatt, supra.*

The writ of mandamus is denied, with costs.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, STARR, WIEST, and BUTZEL, JJ., concurred.

* See 3 Comp. Laws 1929, § 14307 (Stat. Ann. § 27.1036).—REPORTER.