BETTENDORF *v.* F. W. WOOLWORTH COMPANY.

1. COURTS — JURISDICTION — ONE-HOUR RULE — COURT OF COMMON PLEAS OF DETROIT.

So-called 1-hour rule requiring a justice of the peace to wait an hour before entering judgment against an absent plaintiff does not apply to the court of common pleas of Detroit as it is a consolidated court of record consisting of 9 judges, has a civil jurisdiction not exceeding $1,500 and has a considerable volume of business (CL 1948, § 728.1 *et seq.*).

2. CERTIORARI—NATURE OF REMEDY.

Certiorari is not a flexible remedy, but permits only affirmation, reversal or quashing of the proceedings reviewed.

3. JUSTICES OF THE PEACE—REVIEW.

Appeal, rather than certiorari, is the more appropriate remedy to review errors committed in justices' courts.

4. COURTS—CERTIORARI—COURT RULES.

Circuit court, on reviewing judgment of common pleas court of Detroit on writ of certiorari under court rule in effect in June, 1949, was empowered to "give any judgment and make any order which should have been given or made" (Court Rule No 76, § 18, subd [d]).

5. JUDGMENT—PREJUDICE—ABSENCE OF PLAINTIFF.

Defendant who was present in common pleas court of Detroit on date set for trial of action for false arrest and false imprisonment in which an answer had been filed, was entitled to have order entered dismissing case with prejudice, where plaintiff and her attorney were both absent and there had been no stipulation filed consenting to continuance and no affidavit filed in support of motion for continuance (Court Rule No 38 [1945]).

6. APPEAL AND ERROR—REMAND—CIRCUIT COURT—COMMON PLEAS COURT.

Circuit court is ordered to remand cause with direction to common pleas court of Detroit to vacate its order dismissing action

without prejudice and enter final order dismissing action with prejudice, where on appeal it appears defendant was entitled to such order.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 11, 1950. (Docket No. 34, Calendar No. 44,731.) Decided January 8, 1951.

Case in Common Pleas Court by Ruby Bettendorf against F. W. Woolworth Company and another for damages resulting from alleged false arrest and false imprisonment. Case dismissed without prejudice. Defendants sued out writ of certiorari to circuit court. Judgment entered dismissing case with prejudice. Plaintiff appeals. Reversed and remanded for entry of correct judgment.

*Markle & Markle* (*Richard G. Eubank* and *Fergus Markle,* of counsel), for plaintiff.

*Dickinson, Wright, Davis, McKean & Cudlip* (*Glenn D. Curtis,* of counsel), for defendants.

BUSHNELL, J. This action for "false arrest and false imprisonment" originated in the common pleas court of the city of Detroit. A summons in trespass on the case was issued on May 18, 1949. Issue was joined by answer and the cause set for trial on June 23d. On that date defendants were in court with their witnesses, and ready for trial, but neither plaintiff nor her attorney appeared. Defendants' attorney moved the court to dismiss with prejudice. This motion was denied and the cause was dismissed without prejudice.

Defendants on June 29th obtained a writ of certiorari from the circuit court of Wayne county, seeking reversal of the action of the common pleas court. The supporting affidavit reads in part as follows:

"That said defendants, F. W. Woolworth Company and Wade Callicott, filed their answer in said cause on June 10, 1949 denying the material allegations in the plaintiff's declaration; that on June 15, 1949 deponent received a notice that the cause had been set for trial June 23, 1949 at 10 a.m.; that on June 21, 1949 deponent received a telephone call from Richard G. Eubank of the office of Markle & Markle, attorneys for said plaintiff, asking deponent to stipulate for a jury trial inasmuch as the attorney for the plaintiff had neglected to file a demand for a jury trial within 5 days after return day as provided for in the rules. Upon deponents' refusal to so stipulate, the said Richard Eubank requested deponent to stipulate for a discontinuance of the case so that a new case could be started for the plaintiff and a timely demand made for a jury. Deponent refused to so stipulate and called attention to the court rule which prohibits a discontinuance after answer has been filed by defendants except by court order on cause shown. Deponents further informed said Richard Eubank that defendant had, after considerable difficulties, secured witnesses for the trial on June 23, 1949 and that said witnesses might not thereafter be available as they were no longer in the employ of defendant F. W. Woolworth Company.

"Deponent further says that on the morning of June 23, 1949 he appeared in common pleas court with defendants and their witnesses for trial of the cause; that the attorneys for the plaintiff were not present and deponent telephoned their office and talked with Mr. Richard Eubank and was informed that they intended to let the case be dismissed and start a new case. Thereupon this deponent notified Mr. Eubank that he would object to this dismissal.

"Deponent further says that shortly after 10 a.m. on said June 23, 1949 said cause was assigned to Judge L. Eugene Sharp. When deponent appeared in the courtroom of said L. Eugene Sharp with defendants and their witnesses ready for trial, the

case was called and deponent stated that he was in court with his clients the defendants and their witnesses to put in their defense. Upon being informed by the court that the court would dismiss the cause by reason of the absence of the plaintiff, deponent objected to such dismissal and informed the court of deponent's various conversations with the attorney for the plaintiff and called the court's attention to Michigan Court Rule No 38 (1945) which provides that the plaintiff cannot discontinue after answer by the defendant except upon such motion supported by affidavit. Nevertheless, said Judge L. Eugene Sharp then and there dismissed said cause."

These facts were not controverted by plaintiff. Defendants argue that such dismissal "circumvents and nullifies" Michigan Court Rule No 38 (1945) regarding discontinuances, and Common Pleas Court Rule No 30 (1946) regarding demands for a jury trial. They assert that such action makes it possible to take a judgment against an absent defendant, while denying a defendant the right to obtain a final order in the absence of plaintiff. They claim that the dismissal without prejudice, in this instance, worked an undue hardship and resulted in injustice because certain witnesses are no longer in their employ and might be impossible to procure for a subsequent trial.

The circuit judge determined that "the lower court erred in dismissing the plaintiff's action without prejudice." The order of the common pleas court was reversed and an order entered in the circuit court dimissing the cause with prejudice.

Plaintiff argues here that the circuit court was in error in dismissing her action with prejudice, because on certiorari it cannot review matters of discretion, nor do more than affirm or reverse the order of the common pleas court.

We are also urged to apply the "justice of the peace" 1-hour rule discussed in *Perry* v. *Link,* 297 Mich 50, 53. This argument overlooks the fact that the common pleas court of the city of Detroit is a consolidated court of record consisting of 9 judges, with a civil jurisdiction not exceeding $1,500. CL 1948, § 728.1 *et seq.* (Stat Ann § 27.3651 *et seq.*). It also ignores the fact that the volume of business in this court is considerable. We do not consider *Perry* v. *Link* applicable to the common pleas court of the city of Detroit.

The office of a writ of certiorari was discussed in *Carroll* v. *City Commission of City of Grand Rapids,* 266 Mich 123. In that case this Court quoted from *Jackson* v. *People,* 9 Mich 111 (77 Am Dec 491); *Whitbeck* v. *Common Council, Village of Hudson,* 50 Mich 86; *Dubois* v. *Riley Township Board,* 126 Mich 587; and *Van Dyke* v. *Doughty,* 174 Mich 351. See, also, other authorities cited therein. It was there held that certiorari is not a flexible remedy, but permits only affirmation, reversal or quashing of the proceedings reviewed.

Appeal, rather than certiorari, is "the more appropriate remedy to review errors committed in justices' courts." *Computing Scale Co.* v. *Tripp,* 138 Mich 602. See, also, *Morrison* v. *Emsley,* 53 Mich 564, and *Foster* v. *Watson,* 153 Mich 400, 403.

The instant appeal was filed prior to the adoption by this Court on September 22, 1949, of Michigan Court Rule No 77, effective September 23, 1949. Appeals from the common pleas court to the circuit court now are appeals to a court of review instead of a trial *de novo.* CL 1948, § 728.4 (Stat Ann § 27.3654), as amended by PA 1949, No 149. Consequently, the matter here under consideration is controlled by the provisions of Michigan Court Rule No 76 (1945) as it read before its amendment, effec-

tive November 3, 1949. See Honigman's Michigan Court Rules 1950 Annotated Supplement.

The circuit court, on certiorari, may affirm or vacate an order of the common pleas court. In this instance the order was "reversed" and a new order was entered in the circuit court. Appellees argue that the order entered in the circuit court was a proper exercise of its power under CL 1948, § 678.34 (Stat Ann § 27.3514), which reads:

"The court shall proceed to give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice, which did not affect the merits; and may affirm or reverse the judgment, in whole or in part, and execution shall issue thereon, as upon other judgments rendered in the circuit court."

We said in *Moore* v. *Frederick*, 197 Mich 573:

"As there was no trial upon the merits, it is difficult to see how this statute can save the judgment."

However, the instant review in the circuit court is controlled by Michigan Court Rule No 76 as it read prior to its amendment. Section 18(d) thereof reads:

"Give any judgment and make any order which should have been given or made, and make such other and further orders and grant such relief as the case may require."

The better practice would have been for the circuit court to vacate the common pleas order and remand the cause with directions so that the final order could be entered in that court. It would necessarily follow that upon remand the common pleas court would resume jurisdiction of the cause for other proceedings if necessary, but not inconsistent with the order of the circuit court.

The order of the circuit court is vacated. The cause is remanded to the circuit court with direction to vacate the order of the common pleas court and to remand the cause to that court, with direction to enter a final order dismissing the cause with prejudice. Costs in both courts to appellees.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.