REED *v.* BURTON ABSTRACT & TITLE COMPANY.

1. DISMISSAL AND NONSUIT—DISCONTINUANCE AFTER ANSWER FILED—CONSENT.
    A discontinuance of a suit may be had after defendant files an answer only if defendant consents thereto (Court Rule No 38 [1945]).

2. SAME—DISCRETION OF COURT.
    The granting or denial of a nonsuit rests in the sound discretion of the trial court (Court Rule No 38 [1945]).

3. SAME—DISCONTINUANCE—ANSWER.
    There is no difference between taking a nonsuit and discontinuance by motion, so far as defendant is concerned, after he has filed an answer (Court Rule No 38 [1945]).

4. SAME—CONTINUANCE—NONSUIT—DISCRETION OF COURT.
    It was not an abuse of discretion for the trial court to deny plaintiff's eleventh motion for further continuance and her subsequent motion for a nonsuit, where bill of complaint had been filed about 4 years theretofore, all adjournments except 1 were made at the request of plaintiff because of substitution of counsel or because of her physical condition, the trial court

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4]  17 Am Jur, Dismissal, Discontinuance and Nonsuit §§ 21, 22.
[1, 3, 4]  Stage of trial at which plaintiff may take voluntary nonsuit, dismissal, or discontinuance.  89 ALR 13; 126 ALR 284.
[2]  17 Am Jur, Dismissal, Discontinuance and Nonsuit § 6.

offered to have plaintiff's counsel take time to take her deposition or adjourn court to some convenient place to take her testimony so as not to jeopardize her health and stated that plaintiff's counsel were able to proceed (Court Rule No 38 [1945]).

Appeal from Wayne; FitzGerald (Frank), J. Submitted October 11, 1955. (Docket No. 61, Calendar No. 46,381.) Decided December 28, 1955.

Bill by Harriet Burton Reed against Burton Abstract & Title Company, a Michigan corporation, Frank Burton, Ralph Burton (carried on under the name of Edson Burton, executor under the will of Ralph Burton, deceased), Clarence M. Burton, Ray L. Potter, William B. Giles, Walter A. Kleinert, Robert L. Sauer and John Holmes for accounting, temporary injunction and other relief. After many adjournments, definite trial date was set. Plaintiff asked for adjournment and, upon denial, a nonsuit. Bill dismissed with prejudice. Plaintiff appeals. Affirmed.

*Nathan E. Shur,* for plaintiff.

*William B. Giles,* for defendant Burton Abstract & Title Company.

*G. Norman Gilmore,* for defendants Frank Burton and Edson N. Burton, executor under the will of Ralph Burton, deceased.

*Walter A. Kleinert,* for defendants Clarence M. Burton, Ray L. Potter, Robert L. Sauer and John Holmes.

SHARPE, J. This is an action for an accounting and an injunction pending final disposition of the cause. Plaintiff, Harriet Burton Reed, is a stockholder of

Burton Abstract & Title Company, and is the owner of approximately 10% of its córporate stock. On June 7, 1950, she filed a bill of complaint in the circuit court of Wayne county against the above-named defendants in which she charges the defendants with illegal and unlawful withdrawal of corporate funds and conversion of the same. She particularly charges Ralph Burton with having received large sums of money over a period of years in addition to his salary, which sum of money represents 1% of the net billings of the corporation, and this sum is alleged by plaintiff to have been paid without authorization or approval of the board of directors of defendant company.

The answer of Frank Burton and Ralph Burton shows that on or about June 11, 1941, the following resolution was adopted by the board of directors:

"Moved and supported and carried unanimously that Ralph Burton, vice-president and sales manager of this company, be given in addition to his salary, 1% of the monthly sales of this company, the same being an allowance for sales expenses."

Defendant company alleges that at the June 19, 1950, meeting of the board of directors of the above company, all of the 1% payments were ratified and confirmed and further payments terminated. This case first appeared on the chancery pre-trial docket on December 19, 1951, and was adjourned to January 30, 1952, then to February 6, 1952, February 13, 1952, February 27, 1952, and then returned to the call. The case appeared on the call March 20, 1952, and was adjourned to the April term, the September term, the November term, and then to the April term, 1953, at which time it was adjourned to October 6, 1953.

On January 15, 1954, the trial court entered an order adjourning the trial date to April 13, 1954. The order contained the following:

"All parties shall be ready for trial on said adjourned date; in the event any party or parties are not ready for trial on said date, said cause shall be dismissed, or default entered, as the case may be."

On April 10, 1954, plaintiff filed a motion for adjournment of the trial date for cause, giving as her reasons the following:

"1. The medical and physical condition of said plaintiff at the present time is such that a presentation of her case in court in person, by testimony, and a submission to the rigors of cross-examination inherent in the present proceeding and instant cause, would, in considered medical opinion, be an active and serious threat to her life, or result in extremely serious consequences. The disease from which she is suffering and for which she is taking treatment now, is one that has been prevalent in her family, namely high blood pressure and apoplexy resulting therefrom. Three brothers and one sister of plaintiff have met sudden death under strain, from the above cause. This plaintiff believes that present treatment will alleviate this condition.

"Plaintiff has also a history of approximately 7 months suffering from acute bursitis, which is still present, and has aggravated the above-described high blood pressure. Said bursitis has, in addition to giving plaintiff excruciating pain, temporarily crippled her left arm.

"2. Plaintiff's foregoing condition described, has prevented her from taking any action, or going through any strain of negotiation and talk, necessary to retain trial counsel and acquaint them with the instant cause."

On April 13, 1954, three affidavits were submitted in support of plaintiff's motion to adjourn the trial.

The affidavit of Dr. Albert L. French contained the following:

"Deponent further says that on April 10, 1954 he examined Mrs. Harriet Burton Reed, in his professional capacity, at 521 Harmon road, Birmingham, Michigan, and found her condition to be as follows:

"Marked cardio-vascular hypertension with precariously high blood pressure at 210 systolic over 100 diastolic.

"Very painful sub acute bursitis of deltoid muscles of both shoulders with limited use of left arm. Mrs. Reed has been confined to her home and should refrain from all undue physical and mental strain, which would result in a grave prognosis."

The affidavit of Dr. L. C. M. Conley stated:

"Deponent further says that at this time Mrs. Reed's physical and medical condition is as follows:

"Patient is suffering a bursitis in the both shoulders, aggravating a very high blood pressure—systolic 206, diastolic 98. She should not be called upon to exert herself physically or endure excitement until her pressure has been reduced to a safer level."

The affidavit of Dr. George P. Raynale stated:

"Deponent further states that Mrs. Reed's physical and medical condition at present is as follows:

"Bursitis—(subdeltoid)—left shoulder, with a great deal of pain. There is also beginning trouble of the same sort in her right shoulder. This pain is so severe at times that it necessitates lying down. She has been under treatment for this condition the past 4 months."

The record shows that all continuances except 1 were asked for and granted to plaintiff. On April 13, 1954, counsel appeared for all parties, at which time counsel for plaintiff asked for a further continuance. The trial court denied plaintiff's request

for further continuance, whereupon plaintiff asked for a nonsuit. The trial court, in denying the motion for continuance and later nonsuit, stated:

"I think the record likewise should show that at no time was the plaintiff ever without counsel. There were 2 counsel involved at all times, and I can see no reason why these 2 counsel cannot proceed with the trial. I will grant you the right to take the plaintiff's deposition before you close your proofs, but I think we should proceed now and attempt to take the testimony, in order to dispose of this matter.

"As I indicated before, the defendant corporation is at a distinct disadvantage in having this matter pending, because of its relationship with the insurance commission and other State officials. Under the circumstances, I must deny your motion for a continuance and ask the plaintiff to proceed. * * *

"Well, under the circumstances, I doubt my authority to take a voluntary nonsuit without the consent of counsel for the defendants.

"In this case, the record shows that all continuances, save 1, were granted to the plaintiff. The 1 exception was when counsel for Ralph Burton's estate asked for a continuance to prepare a substitution.

"I think the defendants, being ready to go to trial at all times and now being ready to go to trial, are entitled to a decision upon the merits of the case. Under the circumstances, I will deny your right to enter a voluntary nonsuit and will enter an order of dismissal of the bill of complaint, with prejudice."

On April 16, 1954, a decree was entered which contained the following:

"This cause having been assigned to this court for trial and all previous adjournments save 1 at the request of the plaintiff having been granted as indicated by this court on the record, and this court having on January 15, 1954, entered a certain order

granting to plaintiff a further continuance to April 13, 1954, for the purposes and upon the conditions therein set forth, which said order was made and entered upon consent of all attorneys of record; and,

"This case having been duly and regularly come on for trial on April 13, 1954, the date specified in the aforesaid order, and for the reasons stated by this court upon the record,

"Therefore, it is ordered, adjudged and decreed that the above-entitled cause be and it is hereby dismissed, with prejudice, and with costs to be taxed in favor of the defendants and against the plaintiff."

The record also shows that on June 18, 1953, by stipulation and order of the court, defendants William B. Giles and Walter A. Kleinert were dismissed as parties defendant.

Plaintiff's reasons and grounds for appeal are, in part, as follows:

"The court erred in entering a decree of dismissal with prejudice where no testimony on the merits was entered by either party plaintiff or party defendants.

"The court erred in ruling that the affidavits of 3 reputable physicians provided no just cause for adjournment of trial date."

This case involves an interpretation of Michigan Court Rule No 38, § 1 (1945), which reads as follows:

"The plaintiff may at any time, before answer filed, and on the payment of costs, discontinue his suit by notice of discontinuance filed in the cause and giving notice thereof to the defendant or his attorney. Thereafter he may discontinue, on the same terms, only (1) upon filing a stipulation to that effect signed by the defendant, or his attorney, or (2) on the order of the court or judge made on special motion in which the grounds for such discontinuance shall be set forth and which shall be supported by

affidavit. After a recoupment, set-off or cross bill has been pleaded by a defendant no discontinuance against such defendant may be had except by consent."

Plaintiff urges that under the above rule she is entitled to a dismissal of her case without prejudice as a matter of right, and that this right continues up to the time that defendants have entered upon their defense in open court. Plaintiff relies upon *Slowke* v. *Altermatt*, 293 Mich 360; and *Wicks* v. *Wayne Circuit Judge*, 299 Mich 252. In the *Slowke Case, supra,* we held that plaintiff had a right to discontinue his case up to and including the putting in of proofs in behalf of plaintiff. In the *Wicks Case, supra,* we held that plaintiff had the right to discontinue his case as a matter of right even though defendant's counsel had made his opening statement to the jury selected to hear the facts.

We note that both of the above cases were decided in 1940 and 1941, at a time prior to the adoption of the present amended rule.

Defendants rely on *Pear* v. *Graham*, 258 Mich 161. The *Pear Case* was decided in 1932. The 1931 Court Rule No 38 in effect at that time reads, in part, as follows:

"The plaintiff may, at any time, before answer filed, upon notice to the defendant or his attorney, and on the payment of costs, discontinue his suit by common order filed in the cause. Thereafter he may discontinue, on the same terms, only (1) upon filing a stipulation to that effect signed by the defendant, or (2) on the order of the court or judge made on special motion in which the grounds for such discontinuance shall be set forth and which shall be supported by affidavits."

Under the above rule we held that it was within the discretion of the trial court to refuse to permit

plaintiff to take a nonsuit. It should be noted that both the 1931 Court Rule No 38 and the 1945 Court Rule No 38 provide that plaintiff may discontinue his suit at any time before an answer is filed, and that thereafter he may discontinue upon the filing of a stipulation signed by defendant. However, the 1945 Court Rule provides that the stipulation may be signed by defendant's attorney.

Both the 1931 Court Rule No 38 and 1945 Court Rule No 38 provide that discontinuance may be had on the order of the court or judge made on special motion in which the grounds for such discontinuance shall be set forth and which shall be supported by affidavit. The 1945 Court Rule No 38 also provides:

"After a recoupment, set-off or cross bill has been pleaded by a defendant no discontinuance against such defendant may be had except by consent."

It clearly appears that under the 1931 Court Rule No 38 and 1945 Court Rule No 38 plaintiff may discontinue his case at any time prior to the time defendant files an answer. If the defendant files an answer, recoupment, set-off or cross bill, in which affirmative relief is asked, then discontinuance may be had only if defendant consents thereto. Both rules also provide for a discontinuance upon the order of the court made on special motion supported by an affidavit.

In the *Pear Case, supra,* at p 165, we said:

"The rule will not accomplish its obvious purpose unless it is broad enough to prevent discontinuance by nonsuit as well as by motion to discontinue. Discontinuance by nonsuit works the same injustice to the defendant as would the granting of plaintiff's motion to discontinue. For the purpose under consideration there is no difference between taking a nonsuit and discontinuance by motion."

In view of our holding in the *Pear Case, supra,* based upon the 1931 Court Rule No 38, almost identical with the 1945 Court Rule No 38, we conclude that the granting or denial of a nonsuit rests in the sound discretion of the trial court. It is urged by plaintiff that the trial court abused its discretion in denying plaintiff's motion for a nonsuit. In coming to our conclusion upon this issue, we have in mind that the bill of complaint was filed more than 5 years ago, and that all of the adjournments except 1 were made at the request of plaintiff, either because of the employment of new or additional counsel or because of the physical condition of plaintiff. We also note that the trial court, before denying plaintiff's motion for a nonsuit, made the following statement:

"Mr. Thompson, I am not depriving you of the right to take the testimony of the plaintiff. Before you close your proofs, I will give you an opportunity to take the plaintiff's testimony. All that I want you to do is proceed on other testimony, and we will take such testimony as we can until the plaintiff's testimony is necessary. Then I will give you time to take the plaintiff's deposition; or, if need be, I will go to some convenient place to take her testimony, to make sure that her health is not jeopardized in any way.

"I will take judicial notice that both present counsel for the plaintiff have tried lawsuits in this court, and have tried them well. They are reputable counsel and competent counsel, and they are able to proceed in the trial of the matter. With such knowledge and such notice, I am asking them to proceed."

In the *Pear Case, supra,* at p 166, we quoted with approval from 14 Cyc, p 396 (see, also, 18 CJ, p 1150 and 27 CJS, p 164), the following:

" 'It is considered that the granting or the refusal of leave to dismiss, to discontinue, or to take a non-

suit is a matter of practice resting in the discretion of the court, which discretion is to be exercised with reference to the rights of both the parties.'"

We are not unmindful of the fact that on the date plaintiff's motion for a nonsuit was denied, she, according to the affidavits of 3 physicians, was unable to appear in court and undergo the rigors of a severe cross-examination. Yet, we are not unmindful of the fact that the defendants have a right to a determination of the allegations made against them. Moreover, there is nothing in the record to indicate when, if ever, plaintiff will be able to appear in court and participate in the trial of the cause. Under the circumstances of this case, we conclude that the trial court did not abuse its discretion in dismissing plaintiff's bill of complaint with prejudice.

The decree of the trial court is affirmed, with costs.

CARR, C. J., and BUTZEL, SMITH, BOYLES, REID, DETHMERS and KELLY, JJ., concurred.