## GLAZER v. SILBER.

1. DISMISSAL AND NONSUIT—ANSWER—DISCONTINUANCE.

A plaintiff is not entitled to a discontinuance merely by filing and giving notice thereof to the defendants and payment of costs after latter have filed their answer (Court Rule No 38 [1945]).

2. SAME—COURT RULES.

The court rule relative to dismissal and nonsuit controls disposition of motion for nonsuit made by plaintiff in action in the common pleas court, where there is no express statutory provision or specific rule of the common pleas court governing the matter (Court Rule No 38 [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 17 Am Jur, Dismissal, Discontinuance and Nonsuit § 6.
[1] 17 Am Jur, Dismissal, Discontinuance and Nonsuit § 62.
[3] 3 Am Jur, Appeal and Error § 977; 17 Am Jur, Dismissal, Discontinuance and Nonsuit § 13 *et seq.*
[5] 14 Am Jur, Costs § 14.

3. SAME—DISCRETION OF COURT.

    The granting or denial of a motion for nonsuit rests in the sound discretion of the trial court (Court Rule No 38 [1945]).

4. SAME—DISCRETION OF COURT.

    There was no abuse of discretion in denying motion for nonsuit by attorney for plaintiff attorney in his action in common pleas court for attorney fees after defendants had filed their answer, where no showing appears in record as to any ground for a discontinuance without prejudice (Court Rule No 38 [1945]).

5. COSTS—BRIEFS.

    No costs are allowed on appeal from order denying plaintiff-appellant's motion for voluntary nonsuit, where appellees filed no brief.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted January 10, 1956. (Docket No. 53, Calendar No. 46,651.) Decided March 1, 1956.

Action in common pleas court by Reuben Glazer against Calvin Silber, Peter Moga and SS. Peter & Paul Roumanian Orthodox Church, for sums claimed due as attorney fees. On trial date, after refusal of continuance, plaintiff's motion for voluntary nonsuit denied. Case dismissed with prejudice. Affirmed on appeal to circuit court. Plaintiff appeals. Affirmed.

*Louis Rosenzweig,* for plaintiff.

BOYLES, J. This case involves the construction of Michigan Court Rule No 38 (1945). The precise question is whether, as claimed by the plaintiff, he should have been allowed a voluntary nonsuit of his case without prejudice, instead of the dismissal with prejudice ordered by the lower court.

Plaintiff, an attorney, sued the defendants in the common pleas court of Detroit for legal services. After service of process, answers to the declaration

were filed by the defendants, the case was set for trial, and the plaintiff retained counsel to represent him in the trial.  On the day before the date set for trial plaintiff called defendants' counsel requesting consent to an adjournment, which was refused.  On the date set for trial plaintiff's counsel appeared in the common pleas court and requested an adjournment on his own account and also because he had received a call from the plaintiff giving reasons why he would be unable to come to court on that date. Defendants objected and the court denied the request for adjournment, whereupon plaintiff's counsel, at plaintiff's suggestion, moved for a voluntary nonsuit.  This was objected to by the defendants, the motion was denied, and the court entered an order dismissing the suit with prejudice.  Thereupon plaintiff took an appeal to the circuit court where the circuit judge who heard the matter entered an order affirming the order of the common pleas court.  The plaintiff appeals here.

Appellant concedes that the rules of the common pleas court do not contain any provision for nonsuit, and points to a rule of said court which provides:

"In all matters not herein provided for, or not expressly prohibited or specified by statute, the Michigan Court Rules shall govern."

Michigan Court Rule No 38 (1945), applicable to this situation, provides:

"The plaintiff may at any time, before answer filed, and on the payment of costs, discontinue his suit by notice of discontinuance filed in the cause and giving notice thereof to the defendant or his attorney.  Thereafter he may discontinue, on the same terms, only (1) upon filing a stipulation to that effect signed by the defendant, or his attorney, or (2) on the order of the court or judge made on special motion in which the grounds for such discontin-

uance shall be set forth and which shall be supported by affidavit."

Defendants' answer having been filed in the instant case, under the above rule the plaintiff was not entitled to a discontinuance merely by filing and giving notice thereof to the defendants and payment of costs. Under the rule, his motion for discontinuance would be granted only upon compliance with one or the other of the 2 conditions described in the second sentence of said rule.

No claim is made that a stipulation for discontinuance had been signed, consequently the condition on which the motion of the plaintiff for a voluntary nonsuit must be based, and would be granted, was by an order of the court made on special motion in which the grounds for such discontinuance were set forth, supported by affidavit. We find nothing in the record here to show that any such grounds for a discontinuance had been shown when plaintiff's attorney moved for a nonsuit without prejudice.

Michigan Court Rule No 38 (1945) controls, there being no express statutory provision or specific rule in the common pleas court governing the question. The granting or denial of a nonsuit rests in the sound discretion of the trial court. *Reed* v. *Burton Abstract & Title Co.*, 344 Mich 375. There was no abuse of discretion in denying with prejudice plaintiff's motion for a nonsuit. The orders entered in the common pleas court and the circuit court on appeal are affirmed. *Pear* v. *Graham*, 258 Mich 161; *Shields* v. *Shields*, 319 Mich 316, 321; *Bettendorf* v. *F. W. Woolworth Co.*, 329 Mich 409.

Affirmed. No costs, appellees not having filed a brief in this Court.

Dethmers, C. J., and Sharpe, Smith, Reid, Kelly, Carr, and Black, JJ., concurred.