### ROBERSON *v.* THOMAS.

1. Trial—Failure to Appear—Dismissal—Adjournment—Discretion.

   A trial judge may, in his discretion, adjourn the trial date rather than dismissing a cause because a party and his attorney do not appear on the scheduled trial date.

2. Same—Failure to Appear—Dismissal—Adjournment—Discretion.

   Action by trial court in granting a dismissal without prejudice to a plaintiff who had failed to appear on the date set for trial of his cause *held,* not an abuse of discretion on record presented.

3. Same—Dismissal—Motion—Practice—Court Rules.

   An order may be entered dismissing a cause without prejudice on motion of plaintiff even though the motion is not in writing as long as defense counsel was present when the motion was made and had an opportunity to speak on it (GCR 1963, 504.1[2]).

---

References for Points in Headnotes

[1, 2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 59 *et seq.*

[3, 4] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 8 *et seq.*

4. SAME—DISMISSAL—DISCRETION.

　　The fact that an action was pending in circuit court involving the same parties and the same subject matter is sufficient ground for a common pleas judge to grant plaintiff's request for dismissal without prejudice.

Appeal from Common Pleas Court of Detroit, Pernick (Joseph J.), J. Submitted Division 1 February 6, 1968, at Detroit. (Docket No. 3,116.) Decided September 25, 1968.

Complaint by James E. Roberson, and Northland Insurance Company, a foreign corporation, subrogee, against Alex Thomas and Ethel Thomas for automobile negligence. Case dismissed with prejudice. Dismissal set aside by the court *sua sponte,* and plaintiffs' motion for voluntary nonsuit granted. Defendants appeal. Affirmed.

*Zeff & Small,* for plaintiffs.

*Conklin & Maloney,* for defendants.

LEVIN, J. Plaintiffs failed to appear in the common pleas court on the scheduled trial date, whereupon an order was entered dismissing this case with prejudice. Thereafter the judge who entered the order set it aside *sua sponte* and, following a hearing, adhered to his decision to set aside the dismissal order and granted plaintiffs' motion for a voluntary nonsuit declaring it would be a dismissal without prejudice. An order was then entered dismissing plaintiffs' cause without prejudice. There was then pending in the circuit court another action instituted by the plaintiffs against the defendants concerning the same subject matter.[1]

---

[1] Plaintiffs failed to appear on the date set for trial, April 29, 1966. A judge noted on the file under the printed heading: "Pro-

The defendants appeal, claiming that the trial judge erred in setting aside the with-prejudice dismissal order and that he was obliged to make the dismissal thereafter entered a dismissal with prejudice.

## I.

A trial judge is not obliged to dismiss a case because a party or his attorney do not appear on the scheduled trial date; he may, if he wishes, adjourn the trial date. By setting aside his original with-prejudice dismissal order, the trial judge in this case chose to give the plaintiffs and their counsel another chance to be heard on the merits.[2] No useful purpose would be served by stating the excuses advanced by plaintiffs' counsel for nonappearance and defendants' response thereto; it is enough to say we are satisfied the trial judge did not abuse the discretion confided to him in deciding that the penalty of dismissal should not be visited upon the

ceedings before trial judge" the following: "April 29, 1966, defendant and defendant's counsel appeared in court; dismissed with prejudice."

On May 6, 1966, the court, *sua sponte* set aside the with-prejudice dismissal order entered April 29, 1966.

On June 16, 1966, the parties appeared in court and, after hearing the arguments of counsel, the same judge who entered both prior orders reaffirmed his decision setting aside the April 29, 1966, dismissal order.

An order was entered June 24, 1966, which again set aside the April 29, 1966, with-prejudice dismissal order and which, pursuant to plaintiffs' oral motion therefor, also granted the plaintiffs a nonsuit without prejudice. Apparently unaware that the plaintiffs had already obtained entry of the June 24, 1966, order, defendants moved for and obtained an order dated December 12, 1966, dismissing plaintiffs' suit without prejudice, and prosecute their appeal from the December 12, 1966, order.

[2] No claim is made that the trial judge was without power to modify the April 29, 1966, order or that he acted out of time in doing so. Compare *Nagele-Kelly Manufacturing Company* v. *Hannak* (1968), *post*, 13 Mich App 427, footnote 8 and accompanying text.

plaintiffs because of their counsel's neglect to appear on the scheduled trial date.[3]

## II.

Plaintiffs orally moved for a nonsuit at the hearing (see footnote 1) immediately after the trial judge announced he would adhere to his decision setting aside the original with-prejudice dismissal order. GCR 1963, 504.1(2)[4] provides, *inter alia,* that after the defendants' answer is served "an action shall not be dismissed at the plaintiff's instance unless by order of court  *  *  *  . Unless otherwise specified in the order, a dismissal by order of court under this paragraph is without prejudice." As previously mentioned, there was pending in circuit court another action instituted by the plaintiffs against the defendants concerning the same subject matter, and the trial judge granted plaintiffs' nonsuit motion over defendants' objections.

Although plaintiffs' nonsuit motion was made in the presence of defendants' counsel, it is asserted on this appeal that an order may not be entered pursuant to GCR 1963, 504.1(2) dismissing a cause at a plaintiff's instance upon an oral motion,—that it is necessary the request therefor be in writing. The old rule, Court Rule No 38, § 1 (1945), did require in such a case a "special motion in which the grounds for such discontinuance shall be set forth and which shall be supported by affidavit." The requirement of such a "special motion" and that it

---

[3] Compare *Banta* v. *Serban* (1963), 370 Mich 367, affirming a dismissal for nonappearance on the scheduled trial date and recognizing that the trial judge is empowered to vacate such an order of dismissal.

[4] The parties agree GCR 1963, 504.1(2) governs the voluntary dismissal practice in the common pleas court of Detroit, there being no applicable common pleas court rule. See *Glazer* v. *Silber* (1956), 344 Mich 635, 638, and Common Pleas Court of Detroit Rule No 39.

be supported by affidavit does not appear in GCR 1963, 504.1(2). Accordingly, we see no reason why the trial judge could not act on plaintiffs' motion for a nonsuit, even though their motion was oral, under the circumstance that the defendants' counsel was in court and was given an opportunity to speak thereto. The pendency in circuit court of another action between the same parties regarding the same issues provided an adequate ground for granting the nonsuit.[5]

The defendants assert that *Bettendorf v. F. W. Woolworth Company* (1951), 329 Mich 409, and *Glazer v. Silber* (1956), 344 Mich 635, obliged the trial judge to make the dismissal one with prejudice. However, *Bettendorf* and *Glazer* *affirmed* lower court decisions dismissing with prejudice for failure to prosecute and denying a voluntary nonsuit.[6]

---

[5] If there had not been another action pending, the granting of a nonsuit at an advanced state of the preparation for trial could have been an abuse of discretion. Compare *Danziger* v. *Village of Bingham Farms* (1961), 362 Mich 629.

[6] In *Bettendorf,* the common pleas court's order dismissing without prejudice was reversed; however, as the Supreme Court pointed out in its opinion, the circuit court's order, on appeal from the common pleas court, directing a dismissal with prejudice and refusing a nonsuit without prejudice, was entered at a time when the applicable court rule provided for *de novo* review of common pleas court orders appealed to the circuit court and empowered the circuit judge to give any judgment and make any order "which should have been given or made." Court Rule No 76, § 18 (1945). *Bettendorf,* thus, affirmed the decision of a judge (a circuit judge to be sure, but a circuit judge acting *de novo*) who chose to deny a nonsuit without prejudice and to dismiss the case with prejudice for failure to prosecute.

In *Glazer* the plaintiff orally moved for a nonsuit following denial of his motion, made on the date set for trial, for an adjournment of the trial date. The motion for a nonsuit was also denied, and an order was entered by the common pleas judge dismissing the suit with prejudice. The dismissal order was affirmed by the circuit court. Affirming the circuit court, the Supreme Court ruled that there was nothing in the record to show any grounds for discontinuance, as required by Rule 38, that the granting or denial of a nonsuit rests in the sound discretion of the trial court, and there was no abuse of discretion in denying with prejudice the plaintiff's motion for a nonsuit; the order dismissing the suit with prejudice was affirmed.

Both *Bettendorf* and *Glazer* stand only for the rule stated in *Glazer* (p 638): "The granting or denial of a nonsuit rests in the sound discretion of the trial court."

Here the trial judge decided to grant the nonsuit and expressly to make it a dismissal without prejudice. We find no abuse of discretion in his actions in this case.

Affirmed. Costs to appellees.

LESINSKI, C. J., and McGREGOR, J., concurred.